No. 89–7175.   BEAULIEU *v.* UNITED STATES.   C. A. 10th Cir.   Certiorari denied.

JUSTICE WHITE, dissenting.

The issue presented is whether a district judge may rely on testimony from the trial of a defendant's co-conspirators in sentencing the defendant.   The Tenth Circuit held that the District Court's reliance on such evidence did not violate any constitutional provision.   900 F. 2d 1531 (1990).   The Tenth Circuit expressly rejected the position adopted by the Eleventh Circuit which has concluded that reliance on such testimony violates a defendant's

rights. See *United States* v. *Castellanos*, 882 F. 2d 474 (CA11 1989). I would grant certiorari to resolve the conflict.

Rule 10 of the Rules of this Court "indicate the character of reasons" that will be considered in granting or denying petitions for certiorari. Among these considerations is whether there is a conflict between two courts of appeals, between a court of appeals and the highest court of a State, or between two state courts of last resort. These considerations frequently lead to granting certiorari. Just this past Monday, we granted certiorari in two cases that, absent conflict between Courts of Appeals, very likely would not have been granted. *Dole* v. *Occupational Safety and Health Review Comm'n*, ante, p. 1002; *Business Guides, Inc.* v. *Chromatic Communications Enterprises, Inc.*, ante, p. 1002. This is a weekly occurrence, but it also regularly happens that certiorari is denied in other cases presenting the kind of conflicts singled out by Rule 10. This case is one of them, and there are many others this Term, as there have been in other Terms.

As of June 21, I had noted my dissent from denial of certiorari 67 times during this Term. My notes on these dissents indicate that on 48 occasions I dissented because in my view there were conflicts among Courts of Appeals sufficiently crystallized to warrant certiorari if the federal law is to be maintained in any satisfactory, uniform condition. In seven other cases, there were differences on the same federal issue between Courts of Appeals and state courts; in another case, state courts of last resort differed with each other. Finally, there were 11 cases that did not involve a conflict between courts but in my view presented important issues that should be settled by this Court.

In some of these cases it is perhaps arguable that the alleged conflict was not "real" or "square." In most of these cases, however, it is very difficult to deny the conflict, especially where, as in this case, the court of appeals expressly differs with another court, yet certiorari is denied because the conflict is "tolerable" or "narrow," or because other courts of appeals should have the opportunity to weigh in on one side or another of the unsettled issue, or for some other unstated reason. In any event, denial underlines the fact that the federal law is being administered in different ways in different parts of the country; citizens in some circuits are subject to liabilities or entitlements that citizens in other circuits are not burdened with or entitled to.

It is surely arguable that we should not grant more cases in one Term than we can decide in one Term. Being current in our docket is a major consideration; and it may not be wise to delay prompt review in every case, even though many of them involve issues of paramount importance, simply to overcrowd our argument docket with many other cases of lesser significance. But I suggest that we should do what we can, and it is plain enough to me that quite a number of the cases involving conflicts have been denied re ·iew but could have been granted without presenting any danger of not being current in our docket.

Of course, even if we have taken all of the cases that we could be expected to decide, which is not the fact as I see it, there would remain those unreviewed cases that leave in place the many different interpretations and applications of the federal law as administered in the courts of appeals, an issue that merits the attention of Congress and the legal establishment.