UNITED STATES of America, Appellee,

v.

Michael Brian FORTIER, Appellant.

No. 89–5179ND.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 17, 1989.

Decided Aug. 7, 1990.

Ralph A. Vinje, Bismarck, N.D., for appellant.

Scott J. Schneider, Fargo, N.D., for appellee.

Before LAY, Chief Judge, ARNOLD, Circuit Judge, and McMILLAN,\* Senior District Judge.

ARNOLD, Circuit Judge.

Michael Brian Fortier pleaded guilty to one count of possession with intent to distribute 139 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). Two remaining charges were dismissed. At Fortier's sentencing hearing, the District Court con-

\* The Honorable James B. McMillan, Senior United States District Judge for the Western District

sidered an additional amount of cocaine, listed in a count to which Fortier did not plead guilty, to increase his sentence under the Sentencing Guidelines. On appeal, Fortier argues that consideration of the additional amount of cocaine was error, because the District Court had no reliable evidence on which to base its conclusion that the cocaine was his. We agree. The evidence of the additional cocaine, offered by the government and relied upon by the District Court, violated Fortier's right to confront the witnesses against him, embodied in the Confrontation Clause of the Sixth Amendment. Accordingly, we reverse the sentence imposed by the District Court and remand for resentencing.

I.

Acting on a tip from a confidential informant, on December 3, 1987, law enforcement officers stopped Fortier's vehicle in Grand Forks, North Dakota. The officers found approximately five and one-half ounces of cocaine in several zip-lock baggies in Fortier's clothing. Fortier was arrested, but no charges were filed at that time. On April 5, 1988, an informant reported to drug enforcement officials that he had seen Fortier give approximately one pound of cocaine to a third person, a Mr. Bartowski. Bartowski shared the cocaine with the informant, and told the informant that the cocaine belonged to Fortier. The informant then turned over to DEA officials approximately 249 grams of cocaine supposedly belonging to Fortier. Over the next several months, drug enforcement agents unsuccessfully attempted controlled buys of cocaine from Fortier. Finally, on October 26, 1988, Fortier was indicted, chiefly on evidence obtained when he was arrested the previous year.

The first count of the three-count indictment charged Fortier with possession with intent to distribute the 139 grams of cocaine found on his person when his vehicle was stopped in December, 1987. The second count involved the 249 grams of co-

of North Carolina, sitting by designation.

caine [1] obtained from the confidential informant. It alleged that Fortier possessed this cocaine with intent to distribute it sometime between the dates of December 1, 1987, and April 15, 1988. The third count charged Fortier with conspiracy to distribute one pound of cocaine between December 1, 1987, and April 15, 1988. This charge was based on an alleged delivery of the cocaine "through an unindicted co-conspirator to another person for safekeeping" on behalf of Fortier. Pursuant to a negotiated plea bargain, Fortier entered a plea of guilty to the first count. The remaining counts were dismissed on the government's motion, and the government recommended a sentence of incarceration of 27 months, as it had agreed to do.

At the sentencing hearing, at which no witnesses on behalf of the government or the defendant were called, the District Court included the cocaine identified in count two of the indictment in calculating a sentence of 27 months' imprisonment under the Sentencing Guidelines. The Court found, by a preponderance of the evidence, that the government had proved that the additional cocaine belonged to Fortier. It did so, presumably, on the basis of the Presentence Report (prepared by an employee of the United States Probation Office) and representations made by the United States Attorney, the only "evidence" available to the Court.

The Presentence Report contained a factual account of the 388 grams of cocaine identified in counts one and two of the indictment. The Report suggested that the one pound of cocaine charged in count three not be considered, because that amount was not supported by evidence "other than the word of a confidential informant whose testimony the government isn't comfortable with." R. 4. The 249 grams were properly included in the aggregate amount because, according to the Report, this amount was actually turned over to DEA agents by another, presumably more reliable, confidential informant.[2] The Report stated that this informant told a DEA special agent that "Mr. Bartowski" told the informant that the cocaine belonged to Fortier. The probation officer also concluded that Fortier was an organizer in the distribution of the cocaine. The evidence given in the Report for this conclusion was a taped conversation between the second informant and the defendant, in which Fortier allegedly claimed ownership of the cocaine given to the informant. A portion of this cocaine ultimately reached the DEA.

Fortier objected to inclusion of the 249 grams of cocaine in calculating his sentence on several grounds, including that the government had offered insufficient and unreliable evidence to prove that the 249 grams of cocaine belonged to him. Fortier's attorney argued at the sentencing hearing that "[t]he only information the Court has before it as to Count II is that an informant told the special agent that he'd been taken to Mr. Fortier's residence by somebody else. That information doesn't indicate whether Mr. Fortier was there or not, [or] whether he had any involvement with the transaction...." At most, Fortier's lawyer pointed out, it means "that the informant said that somebody else said that the cocaine belonged to Mr. Fortier." T. 13–14.

The District Court replied that the probation officer had concluded otherwise—that "there [was] sufficient evidence to support a preponderance finding in a way that there is something like 388 grams the Court should consider." T. 18. The government attorney informed the Court that it possessed the transcript of the con-

---

1. The indictment charges Fortier with possession of 211 grams of cocaine, but the probation office determined the amount was actually 249 grams, based upon laboratory results. The District Court did not specify which amount it included at sentencing, but we think the Court used the higher amount. The Court relied upon the Presentence Report's calculation that "there is something like 388 grams the Court should consider." T. 18. (388 grams equals 249 grams of cocaine plus the 139 grams of count one.)

2. Two informants are mentioned in the Report. See p. 4, ¶ 13. We assume that later references in the Report to "the confidential informant" are not to the informant "whose testimony the government isn't comfortable with."

versation referred to in the Report in which Fortier "acknowledged that the cocaine which the confidential informant was holding was his." T. 19. The transcript was not provided to the Court, and neither was the tape recording of the conversation. The Court then ruled that Fortier's ownership of the disputed amount of cocaine had been proved by a preponderance of the evidence, and therefore would be considered in calculating the sentence. Fortier was sentenced to 27 months' imprisonment, six years of supervised release, and a $3,050 fine.

## II.

■ Fortier's most compelling argument on appeal, and the ground on which we reverse his sentence, is that the evidence relied upon by the District Court to include the 249 grams of cocaine in calculating his sentence violated his rights under the Confrontation Clause. In particular, Fortier claims that the District Court erred when it enhanced his sentence based upon multiple hearsay without an independent finding that the hearsay was reliable. In the Presentence Report, the probation officer linked Fortier to the 249 grams through the special agent's report that a confidential informant had told the agent that a third person said the drugs belonged to Fortier. That is clearly hearsay testimony. Moreover, the Report's reference to the taped conversation is ambiguous—the Report does not state that Fortier admitted ownership of the 249 grams. The government attorney claimed that the transcript did show Fortier admitted ownership of the 249 grams, but neither the transcript nor the informant was presented to the District Court for independent verification of the facts presented in the Presentence Report.

■ The Confrontation Clause requires that the government make its proof in a reliable fashion; the absence of proper confrontation of witnesses calls into question the integrity of the fact-finding process. A court may rely solely upon a presentence report for findings relevant to sentencing only if the facts in the presentence report are not disputed by the defen-

dant. See *United States v. Streeter*, 907 F.2d 781, 791–92 (8th Cir.1990), (holding this objection not properly preserved). Fed.R.Crim.P. 32(c)(3)(D) requires the sentencing court, if facts in the presentence report are disputed, either to state that it is not considering those facts, or to make findings resolving the disputes. And § 6A1.3(a) of the Sentencing Guidelines directs courts to resolve disputes only with information that has "sufficient indicia of reliability to support its probable accuracy."

■ Here, Fortier disputed that the 249 grams of cocaine in the government's possession belonged to him, and the only contrary evidence before the Court was hearsay evidence inadmissible under the Federal Rules of Evidence. The rules of evidence do not apply at sentencing, but the Confrontation Clause, which operates independently of the rules of evidence, does apply. *Streeter, supra,* 907 F.2d at 791–92. The Confrontation Clause does not enact the hearsay rule, and therefore an error in the application of the rule is not automatically a violation of the clause. *California v. Green*, 399 U.S. 149, 156, 90 S.Ct. 1930, 1934, 26 L.Ed.2d 489 (1970). But hearsay statements admitted against a defendant do violate the Confrontation Clause unless a court finds that the declarant is unavailable and that there are indicia of reliability supporting the truthfulness of the hearsay statements. Well-recognized exceptions to the hearsay rule are themselves indicia of trustworthiness. See *Bourjaily v. United States*, 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). And if the hearsay statement is not within any well-recognized exception to the hearsay exclusion, evidence from an unavailable declarant is nevertheless admissible over an objection based on the Confrontation Clause if the statement bears "particularized guarantees of trustworthiness." *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980).

■ No finding of reliability was made, nor could it have been made, absent testimony by the informant, the admission of

the tape or transcript, or both.[3] Nor can the government attorney's statement to the Court that the transcript did in fact link Fortier with the 249 grams establish reliability of the hearsay testimony: it was offered by the party charged with pursuing Fortier's prosecution and conviction, not by any witness who heard the conversation. Statements of counsel are not evidence. So the question remains whether the District Court was entitled to rely on the statements contained in the Report as within a well-recognized exception to the hearsay rule.

 Two firmly rooted exceptions to the hearsay rule might apply to admit testimony concerning the recorded conversation over a Confrontation Clause objection: an admission by Fortier, or the co-conspirator exception, as applied to the statements of the confidential informant, see Fed.R.Evid. 801(d)(2)(E); *Bourjaily, supra.* However, we need not consider whether these exceptions apply because of an insurmountable absence of evidence at Fortier's sentencing. The Presentence Report contained, in essence, triple hearsay: the probation officer reported that the special agent told him that the informant heard from yet another source that the cocaine belonged to Fortier. No firmly rooted exception to the hearsay rule can possibly apply to the Presentence Report. Rather, benefit of the hearsay exceptions would require either testimony by the informant, or examination of the transcript (and as noted in footnote three, we think both). The Confrontation Clause requires that district courts not rely on the Presentence Report alone for the required trustworthiness evaluation—such fact-finding is a judicial function, not to be delegated to staff people.

 The government argues that no error occurred in the sentencing proceeding because, among other reasons, Fortier received the sentence recommended by the government under the plea agreement, 27

months' imprisonment. But Fortier objected at sentencing to inclusion of the 249 grams of cocaine, and the District Court used that amount in calculating his sentence. The government does not claim that by so objecting, Fortier broke any term of the plea agreement. The sentence recommendation by the government is only a recommendation, and we review the District Court's independent conclusion that 27 months' imprisonment was the appropriate sentence.

Fortier's sentence is reversed and the cause is remanded to the District Court for resentencing consistent with this opinion.

---

**3.** Our review of the transcript indicates that Fortier's admission that some amount of cocaine belonged to him is, at best, tenuous, and requires some reading of intent into his statements. In any event, the transcript alone seems inadequate proof that Fortier was referring to the 249 grams ultimately turned over to the DEA by the informant. Some statement to this effect by the informant would also be necessary to avoid the confrontation problems requiring reversal of Fortier's sentence.