**UNITED STATES of America, Appellee,**

v.

**James Michael WISE, Appellant.**

**No. 90–1070.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 5, 1990.

Decided Jan. 8, 1991.

Rehearing En Banc Granted, Opinion Vacated March 15, 1991.

Dennis J. Davis, Fort Smith, Ark., for appellant.

Matthew W. Fleming, Fort Smith, Ark., for appellee.

Before ARNOLD, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.

PER CURIAM.

James Michael Wise appeals the thirty-two-month sentence imposed by the District Court after he entered a plea of guilty to two counts of counterfeiting. Wise argues on appeal that (1) his counsel was ineffective at sentencing; (2) the District Court violated his due process rights by not allowing him to call a witness at sentencing; (3) the District Court erred in increasing his offense level for his role as an organizer in a criminal activity involving five or more participants, based on hearsay; and (4) the District Court erred in denying him a reduction for acceptance of responsibility. We reverse and remand for resentencing because the evidence the District Court relied upon in finding that Wise was an organizer was hearsay, and its use violated the Confrontation Clause.

The PSI stated Wise used his silkscreen print shop in Arkansas to counterfeit notes which he passed in Arkansas and Oklahoma. The PSI reported that a Terry Lankford was interviewed and stated that Wise supplied him with three $50 counterfeit notes. The PSI also reported that Jane Wise, Wise's wife, told Secret Service agents she went to Oklahoma with Wise to pass counterfeit notes. The PSI noted four other individuals were interviewed and stated Wise either told them he was counterfeiting or that they saw Wise make counterfeit notes. The PSI recommended

increasing Wise's offense level because he was an organizer or leader of a criminal activity that involved five or more participants, Guidelines § 3B1.1(a).

At sentencing the court stated it would not use Wise's written response to the PSI because the response was not timely. Instead, the probation officer would testify and Wise could cross-examine him with regard to facts in dispute. The probation officer stated Lankford, Earl Dean Laughlin, Jr., and two other people on pretrial diversion had told him they had received counterfeit notes from Wise to distribute for him. The probation officer also recalled that another individual had his parole revoked as a result of his involvement in this scheme. The probation officer believed all these people worked for Wise. Wise disputed the PSI and testified in response to it.

The court adopted the PSI's factual findings regarding Wise's leadership role and that at least five participants were involved, and refused to grant a two-level reduction for acceptance of responsibility.

It was error to base findings of fact on the probation officer's hearsay testimony without undertaking the Confrontation Clause analysis required by *United States v. Fortier*, 911 F.2d 100, 103 (8th Cir.1990). The District Court, for example, should have inquired whether out-of-court declarants were unavailable as witnesses. If they were unavailable, their hearsay statements might have been admissible if (1) they fell within a firmly rooted hearsay exception, or (2) there were other special indicia of reliability. It is possible, for example, that the hearsay statements of Terry Lankford, Jane Wise, and Earl Dean Laughlin, Jr., could have been admitted into evidence as declarations against penal interest. On remand, the District Court should make the proper Confrontation Clause analysis, make new findings of fact, and then re-sentence Wise in accordance with those findings. Moreover, it will be open to the government to call witnesses or present new evidence not offered at the initial sentencing hearing.

The dissenting opinion takes the position that other courts of appeals have adopted a preferable rule. As we understand the consistent practice of this Court, the views of other courts of appeals are irrelevant. *Fortier* is the law of this Circuit, and we are bound by it.

The sentence is reversed, and the cause remanded for further proceedings consistent with this opinion.

WOLLMAN, Circuit Judge, concurring.

I concur in the reversal and remand for resentencing only because I believe that *Fortier* compels such a holding. In all other respects, I join in Judge Gibson's dissent.

JOHN R. GIBSON, Circuit Judge, dissenting.

I respectfully dissent. I believe the better view is that announced by several circuits that the confrontation clause does not apply to sentencing hearings. *See United States v. Kikumura*, 918 F.2d 1084, 1102–03 & n. 19 (3d Cir.1990) (as amended by orders of November 13, 1990 & December 5, 1990); *United States v. Castellanos*, 904 F.2d 1490, 1496 (11th Cir.1990) (sentencing court may rely on testimony from another's trial if defendant is afforded an opportunity to rebut evidence or cast doubt upon its reliability); *United States v. Byrd*, 898 F.2d 450, 452–53 (5th Cir.1990) (per curiam) (defendant's confrontation and cross-examination rights are not violated by reliance on hearsay in PSI, if sentencing court provides him with opportunity to present evidence and witnesses); *United States v. Beaulieu*, 893 F.2d 1177, 1180–81 (10th Cir.) (constitutional requirements of confrontation and cross-examination mandated in criminal trial do not apply at noncapital sentencing proceeding; defendant does not have absolute right to confront witnesses whose information is available to sentencing court), *cert. denied*, — U.S. —, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990). I find these cases persuasive on this issue. The hearsay statements in the PSI and declarations by the probation officer at sentencing were "reasonably trustworthy," *see Kikumura*, at 1103 & n. 21, and thus properly relied upon by the district court. I would affirm.

### Order

March 15, 1991.

On the court's own initiative the question of rehearing en banc was considered. A majority of active judges having voted for such rehearing, the rehearing en banc is hereby granted. The opinion and judgment of this court filed January 8, 1991, are vacated. The case is set for oral argument before the court en banc at 9:00 A.M. on Monday, May 13, 1991, in the United States Courthouse in St. Paul, Minnesota.