**UNITED STATES of America, Appellee,**

v.

**Cecil SUMMERFIELD, Appellant.**

**No. 91–2386.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 9, 1991.

Decided April 13, 1992.

---

James J. Knappenberger, Clayton, Mo., for appellant.

Michael K. Fagan, St. Louis, Mo., for appellee.

Before ARNOLD,* Chief Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Cecil Summerfield appeals his sentence of twenty-one years, eight months, arising from convictions of possessing, distributing and conspiring to distribute methamphetamine. Summerfield argues the district court: [1] (1) violated his constitutional rights by failing to require the Government to meet its burden of proof at sentencing; (2) violated the terms of Summerfield's cooperation agreement by relying on statements made by a co-defendant in calculating Summerfield's base offense level; (3) erred in enhancing Summerfield's offense level for being a "leader" of five other participants in a criminal activity under section 3B1.1(a) of the Sentencing Guidelines (United States Sentencing Commission, *Guidelines Manual* (Nov.1990) [hereinafter U.S.S.G.]). We affirm.

---

* The Honorable Richard S. Arnold became Chief Judge of the United States Court of Appeals for the Eighth Circuit on January 7, 1992.

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

## I. BACKGROUND

In the mid–1980s, Summerfield led a conspiracy to distribute methamphetamine to motorcycle gangs in southeastern Missouri. Summerfield and his uncle, Calvin Clark, obtained large amounts of methamphetamine from California and sold it to various retailers throughout Missouri. Robert Duncan, one of Summerfield's customers, cooperated with the Government. On March 13, 1990, Duncan arranged to purchase four pounds of methamphetamine from Summerfield and Clark while under the observation of federal law enforcement agents who arrested them shortly thereafter. Summerfield and Clark also cooperated with the Government, signing separate plea agreements, and stipulations. Summerfield pled guilty to one count of conspiracy to distribute methamphetamine and acknowledged selling four pounds of methamphetamine to Duncan. A jury in the district court convicted the remaining nine participants in Summerfield's network of conspiracy to distribute methamphetamine.

Based on the Presentence Report (PSR), the testimony at trial of the other defendants, and information obtained from Clark's statements to the probation office, the district court found Summerfield responsible for distributing at least 115 pounds of methamphetamine, and assessed his base offense level at 38. The district court found that Summerfield led at least five other people in the conspiracy, and enhanced Summerfield's offense level by four under U.S.S.G. § 3B1.1(a). Because Summerfield accepted responsibility, the district court reduced his offense level by two, to 40, with a sentencing range of 292–365 months. Due to Summerfield's cooperation, the Government moved for a U.S.S.G. § 5K1.1 substantial assistance departure. The district court granted the Government's motion, and gave Summerfield a sentence of 260 months (twenty-one years, eight months).

## II. DISCUSSION

■ Summerfield disputes the quantity of drugs attributed to him at the sentencing hearing. Summerfield argues that because he filed objections to the facts as stated in the PSR, the Government should have presented evidence other than the PSR at sentencing. Sentencing a defendant solely on hearsay statements from a PSR may violate a defendant's sixth amendment rights to confront the witnesses testifying against him. *See United States v. Fortier*, 911 F.2d 100, 103–04 (8th Cir.1990). *But see United States v. Wise*, 923 F.2d 86 (8th Cir.) (applying *Fortier*), *vacated and reh'g en banc granted*, (8th Cir. Mar. 15, 1991). However, the district court made each of its findings using the live testimony it heard at the trial of Summerfield's co-defendants. The district court considered this evidence in sentencing Summerfield and Summerfield made no objection. Thus, we reject this claim by Summerfield.[2]

■ Summerfield also argues that the district court erred in attributing 115 pounds of methamphetamine to him because it relied on statements made by Clark, pursuant to Clark's cooperation agreement with the Government. In sentencing Summerfield as responsible for 115 pounds, the district court relied on Duncan's testimony that Summerfield supplied him with at least sixty-five pounds of methamphetamine, and on Clark's testimony that Summerfield supplied him with at least fifty pounds of methamphetamine. Summerfield argues that Clark's statements should not be used against him because Clark and Summerfield agreed to cooperate together. We disagree. Although the Government's agreement with Summerfield provides that the Government may not use Summerfield's statements against him in certain circumstances, nothing in the agreement, or the fifth amendment, prevents the Government from using Clark's testimony against Summerfield. Furthermore, if we rejected Clark's testi-

---

**2.** Had Summerfield made a proper objection, our opinion might be different. The writer of this opinion is in substantial agreement with the views expressed in Chief Judge Arnold's separate concurrence.

mony, Summerfield's base offense level would not change. The district court assessed Summerfield's base offense level at 38, which applies to defendants responsible for between thirty to 100 kilos of methamphetamine. U.S.S.G. § 2D1.1(c)(3). Duncan's testimony accounts for at least sixty-five pounds, and Summerfield admits selling four pounds to the Government, making Summerfield responsible for at least sixty-nine pounds (thirty-one kilos) of methamphetamine notwithstanding Clark's testimony. Even if the district court had erred in using Clark's testimony against Summerfield, the error would have been harmless. *United States v. Fillippi*, 911 F.2d 149, 151 (8th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 702, 112 L.Ed.2d 691 (1990).

Finally, Summerfield disputes the district court's four-level enhancement of his offense level under U.S.S.G. § 3B1.1(a) for organizing or leading a criminal activity involving more than five people. Summerfield argues that he and Clark worked as partners, and that the remaining defendants merely purchased their product and did not aid them in the conspiracy. We reverse a district court's findings of fact regarding leadership status only for clear error. *United States v. Apfel*, 945 F.2d 236, 238–39 (8th Cir.1991). We observe that a jury convicted all nine of Summerfield's co-defendants of participating in the conspiracy that Summerfield led. Given the jury's findings, we hold that the district court did not clearly err in its findings on this matter.

## III. CONCLUSION

We affirm.

ARNOLD, Chief Judge, concurring in the judgment.

I agree that the judgment should be affirmed, but in one respect I question the reasoning in the Court's opinion.

Summerfield disputes, for purposes of computing his sentence, the quantity of drugs attributed to him by the District Court. The Court's findings of fact on this point are based in large part on live testimony it had heard at the trial of other people. This Court refers to them as "co-defendants," and this is so in the sense that they were indicted for conduct closely connected to Summerfield's, but they were not co-defendants in the sense of being tried with Summerfield. Summerfield, of course, pleaded guilty, and therefore had no trial.

Thus, Summerfield's sentence is substantially increased because of testimony that neither he nor his lawyer heard, and that he never had the chance to cross-examine. I find this disturbing in the extreme. It seems to me to depart radically from deeply rooted traditions of fair play and due process. In the present case, though, Summerfield made no objection to the consideration of this evidence, and it would therefore be improper for us to reverse on this basis.

What bothers me about the Court's opinion (in which I otherwise concur fully) is that it strongly implies, if it does not hold, that the procedure followed here was proper. The Court could have based its conclusion solely on Summerfield's failure to preserve his record. It does not do so. For this reason, I cannot join its opinion, and concur only in the judgment.