977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Weddie Lee MOORE, Appellant.
 No. 92-1463EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 16, 1992.
Filed: October 2, 1992.
 
 Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Weddie Lee Moore appeals the district court's[1] denial of his motion to withdraw his guilty plea for using a firearm in a drug trafficking case, in violation of 18 U.S.C. § 924(c)(1). Moore also appeals the district court's enhancement of his offense level for playing a leadership role in the drug trafficking activities that led to his conviction. Finally, Moore contends that the district court violated the Sentencing Guidelines and the Sixth Amendment by relying on information provided by a confidential informant. We affirm.
 
 I.
 
 2
 Moore was the subject of a three-count indictment charging, in count I, possession with intent to distribute 13.14 grams of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii); in count II, possession with intent to distribute approximately 5.32 grams of cocaine, in violation of 21 U. S.C. § 841(a)(1); and in count III, the use or carrying of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).
 
 
 3
 On October 28, 1991, Moore appeared with counsel, and pleaded guilty to all three counts of the indictment. At this time, Moore signed a stipulation of facts which set out the basis for the charges. Prior to sentencing, Moore made a motion to withdraw his guilty plea as to counts II and III of the indictment. This motion was denied by the district court. After considering Moore's base offense level and finding that Moore played a leadership role in the drug trafficking scheme, the district court sentenced Moore to a term of seventy-eight months on counts I and II to be served concurrently, and a mandatory term of sixty months to be served consecutively on count III.
 
 II.
 
 4
 On appeal, Moore asserts that the district court should have allowed him to withdraw his guilty plea on count III because the record does not support the finding that he used a firearm.
 
 
 5
 The district court's decision to deny Moore's motion to change his plea is reversible only for abuse of discretion. United States v. Abdullah, 947 F.2d 306, 311 (8th Cir. 1991), cert. denied, 112 S. Ct. 1969 (1992). A defendant does not have an absolute right to withdraw a guilty plea, but rather must show a fair and just ground for withdrawal. Id. The record indicates that Moore had adequate time to discuss his original guilty plea with his attorney, that he explicitly and voluntarily decided to plead guilty, and that he responded affirmatively when the district court asked him if he fully understood the charges when he entered his plea. Moore has not presented fair and just reasons to withdraw his guilty plea, and the district court did not abuse its discretion in denying the motion.
 
 
 6
 Furthermore, the record fully supports the guilty plea. When police searched Moore's residence, they uncovered cocaine and cocaine base, more than $5000 cash, and at least one rifle all located in Moore's bedroom. This court has held that "the mere presence and ready availability of a firearm at a house where drugs are dealt constitutes the 'use' of a gun during a narcotics offense." United States v. Drew, 894 F.2d 965, 968 (8th Cir.), cert. denied, 494 U.S. 1089 (1990). In many cases in which there were large quantities of drugs and cash located near weapons, this court has noted that "[t]he weapons had undoubted utility in the protection of the valuable supply and of the cash on hand. The presence and availability in light of the evident need demonstrates the use of the firearm to commit the felony." United States v. LaGuardia, 774 F.2d 317 (8th Cir. 1985); see United States v. Young-Bey, 893 F.2d 178 (8th Cir. 1990); United States v. Curry, 911 F.2d 72 (8th Cir. 1990), cert. denied, 111 S. Ct. 980 (1991). There is abundant support for the conclusion that Moore's actions violated 18 U.S.C. § 924(c)(1) as interpreted by this court.
 
 III.
 
 7
 Moore appeals from the district court's decision to raise his base offense level by two points because he was a leader in the drug trafficking crimes.
 
 
 8
 The Federal Sentencing Guidelines allow for a two-point increase in offense level if the defendant acted as a leader or manager in any criminal activity involving four or fewer participants. U.S.S.G. § 3B1.1 (Nov. 1991). This court will reverse a finding of leadership status only upon clear error. United States v. Summerfield, 961 F.2d 784, 787 (8th Cir. 1992).
 
 
 9
 The district court based its finding that Moore acted as a leader in part on information contained in the presentencing report provided by confidential informants. Relying on this type of information is acceptable even if the defendant disputes the information's accuracy. Abdullah, 947 F.2d at 312. Furthermore, the Sentencing Guidelines contemplate a very broad definition of what constitutes a leadership role. United States v. Collar, 904 F.2d 441, 442 (8th Cir. 1990). The presentencing report clearly supports the conclusion that Moore lived in the house where the drugs, weapons, and money were found. The record also indicates that Moore played a vital role in drug sales for profit. He helped others sell drugs by acting as a distributor, and he handled the money and weapons that were tools of the drug trade. This court has held such actions to be sufficient indications of leadership to enhance sentences under the guidelines. See, e.g., United States v. Roberts, 953 F.2d 351 (8th Cir.), cert. denied, 112 S. Ct. 3008 (1992); United States v. Harry, 960 F. 2d 51 (8th Cir. 1992); United States v. Turpin, 920 F.2d 1377 (8th Cir. 1990), cert. denied, 111 S. Ct. 1428 (1991). The district court did not commit clear error by enhancing Moore's sentence.
 
 
 10
 Moore's additional claim that the district court erred in improperly imposing a sentence to create an overlap in the Sentencing Guidelines is without merit. The sentence was appropriate in light of the record and this court will not upset the decision of the district court. See United States v. Simpkins, 953 F.2d 443 (8th Cir.), cert. denied, 112 S. Ct. 1988 (1992).
 
 IV.
 
 11
 Finally, Moore contends that the district court violated the Sentencing Guidelines and the Sixth Amendment by relying on the presentencing report. Moore claims that the confidential informant's statements may not be used to support the district court's finding that Moore was a leader in the drug enterprise because they are hearsay.
 
 
 12
 This court must affirm the sentencing court's fact findings unless clearly erroneous. Abdullah, 947 F.2d at 312. In Abdullah, the trial court concluded that information obtained from a confidential informant's statements was appropriate for use in sentencing decisions because there was sufficient indicia of reliability and the defendant had been given ample opportunity to object. The same reasoning applies here. The district court concluded that the presentencing report, including the confidential informant's material, was entirely credible. Furthermore, the district court afforded the defendant multiple opportunities to dispute the presentencing report. Under Abdullah, this court finds that the district court's decision to rely on the presentencing report was not clearly erroneous.
 
 V.
 
 13
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri