991 F.2d 802
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Perry DUGGAN, Appellant.
 No. 92-2600.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 12, 1993.
Filed: April 21, 1993.
 
 Before FAGG, Circuit Judge, PECK,* Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Under a plea agreement, Perry Duggan pleaded guilty to conspiring to possess with intent to distribute marijuana. See 21 U.S.C. §§ 841(a)(1), 846 (1988). In calculating Duggan's base offense level, the district court attributed 570 pounds of marijuana to Duggan based on three transactions that involved the same course of conduct or common scheme or plan. See U.S.S.G. § 1B1.3(a)(2) (Nov. 1991) (relevant conduct provision); id. § 2D1.1(c) (drug quantity table). The district court sentenced Duggan to sixty months imprisonment. Duggan appeals his sentence and we affirm.
 
 
 2
 Duggan contends the Government breached the plea agreement by presenting evidence of relevant drug transactions to establish his base offense level at the sentencing hearing. We disagree. Because the plea agreement left open the drug quantity determination, it was proper for the Government to introduce evidence once Duggan objected to the drug quantity attributed to him in the presentence report. See United States v. Coleman, 895 F.2d 501, 506 (8th Cir. 1990) (absence of promise in plea agreement is clear evidence promise was not made); United States v. Mahler, 984 F.2d 899, 905 (8th Cir. 1993) (government must introduce evidence if a defendant challenges a factual statement in the presentence report).
 
 
 3
 Duggan also contends that in using the evidence of Duggan's other drug transactions during the sentencing hearing, the Government breached the "use immunity" provisions of the plea agreement. To support its drug quantity calculation, however, the district court relied on Duggan's stipulation and testimony at the sentencing hearing, along with testimony of Duggan's former drug associates. Thus, this contention is meritless. See United States v. Summerfield, 961 F.2d 784, 786 (8th Cir. 1992) (government does not violate cooperation agreement by using associate's testimony).
 
 
 4
 Finally, Duggan contends the district court committed error in finding his other marijuana transactions were relevant conduct under § 1B1.3(a)(2). We conclude the district court's findings are not clearly erroneous. See United States v. Gooden, 892 F.2d 725, 728-29 (8th Cir. 1989), cert. denied, 496 U.S. 908 (1990).
 
 
 5
 Accordingly, we affirm.
 
 
 
 *
 The HONORABLE JOHN W. PECK, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation