**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MELISSA JO ANNE WALKER,

      Defendant-Appellant.

No. 99-2029
(D.C. No. CR-98-373)
(Dist. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Defendant-Appellant Melissa Jo Anne Walker was convicted of possession

with intent to distribute 50 kilograms and more of marijuana in violation of 21

U.S.C. § 841(a)(1).  She entered a conditional plea of guilty in the district court,

reserving the right to challenge the court's refusal to suppress evidence seized

pursuant to a search of the car Walker was driving.  She now appeals that

_____

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This Order and Judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

decision and also challenges certain elements of the sentence imposed under the United States Sentencing Guidelines. For the reasons stated below, we find the district court did not err either in refusing to suppress the evidence or in sentencing Walker to 37 months' imprisonment. Accordingly, the district court's judgment is AFFIRMED.

## BACKGROUND

In the late evening of February 4, 1998, and the early morning of February 5, 1998, U.S. Border Patrol Agent Luis Armendariz was conducting routine patrol activities in Las Cruces, New Mexico. As part of this patrol, Agent Armendariz conducted a sweep of a Super 8 Motel parking lot with his K-9, Ricky. After Ricky alerted to a white Dodge Intrepid parked in the lot, Agent Armendariz learned from the motel clerk that the car was driven by Walker, who was staying in room 319.

Agent Armendariz telephoned and knocked on the door of Walker's room several times during the night, but his calls were not answered. Shortly after 7:00 a.m. on February 5, 1998, Walker came to the door. Agent Armendariz requested Walker's consent to search the vehicle, but she refused. Agent Armendariz informed Walker that he had probable cause to search the car without her consent based on the alert by his K-9, and that he was requesting her consent merely as a courtesy. Walker continued to refuse. Agent Armendariz obtained the car keys

and searched the trunk of the vehicle, discovering 74 kilograms of marijuana. Walker was then arrested.

On September 9, 1998, a suppression hearing was held in the district court, at which Walker challenged the constitutionality of the search of her vehicle. The main issues at the hearing were whether Walker had, in fact, consented to the search and at what point Walker was no longer free to leave the scene. During the hearing, Agent Armendariz testified that he is a certified K-9 handler and that he and Ricky are certified as a team. Walker in no way challenged the reliability of Ricky's alert to Walker's car. Finding that Agent Armendariz had probable cause to search based upon the K-9 alert, the court denied Walker's motion to suppress the evidence seized.

Walker subsequently entered a conditional plea of guilty, reserving the right to challenge the district court's denial of her motion to suppress. Neither the government nor Walker objected to any part of the Presentence Investigation and Report submitted to the court. Adopting the findings of the report, the judge granted Walker a two-level decrease for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). With a criminal history category of II and a combined offense level of 20, the court determined the guideline imprisonment range was 37 to 46 months. Walker was sentenced to 37 months' imprisonment.

Walker now appeals two issues to this court: (1) Whether the K-9 alert was sufficiently reliable to support probable cause to search the vehicle; and (2) whether the district court erred in failing to grant Walker further downward departures or reduce her criminal history category.

**DISCUSSION**

A. Suppression of the Evidence

Walker challenges the district court's determination that the search of the automobile leading to the discovery of the marijuana was reasonable.

> When reviewing a district court decision on suppression of evidence, we must accept the court's findings of fact unless, viewing the evidence in the light most favorable to the court's findings, we conclude the findings were clearly erroneous. Evaluation of the credibility of witnesses, the weight to be given the evidence, and inferences to be drawn from the evidence are for the district court. However, the ultimate determination of whether a search and seizure were reasonable under the Fourth Amendment is subject to de novo review.

United States v. Hernandez, 93 F.3d 1493, 1498 (10th Cir. 1996).

Specifically, Walker alleges that Agent Armendariz lacked probable cause to search the car based on the K-9 alert, because the record does not adequately demonstrate the reliability of Ricky's alerts. Walker failed, however, to present this argument to the district court. Agent Armendariz testified at the suppression hearing regarding his and Ricky's certification to conduct these patrols, and Walker's counsel made no indication, direct or indirect, that the reliability of the

- 4 -

alert was in question. Our review of the district court's finding of probable cause based on the alert is therefore limited to plain error. See F.R. Crim. P. 52(b).

It is settled in this circuit that a K-9 alert without more can support probable cause unless the reliability of that dog's accuracy is in doubt. See United States v. Ludwig, 10 F.3d 1523, 1527-28 (10th Cir. 1993). There is no evidence in the record that Ricky's accuracy was in question. To the contrary, the district court heard testimony that Agent Armendariz and Ricky were certified to perform this task, and Walker failed to challenge that assertion. Accordingly, Ricky's alert does support probable cause to search the vehicle, and we cannot say that it was plain error for the district court to deny Walker's motion to suppress the evidence.

B. Alleged Sentencing Errors

Walker asserts the district court committed three errors in calculating her sentence of 37 months under the guidelines.

> We review the factual findings of a district court relating to sentencing issues for clear error. U.S. v. Beaulieu, 893 F.2d 1177, 1181- 82 (10th Cir.), cert. denied, 497 U.S. 1038, 110 S. Ct. 3302, 111 L. Ed.2d 811 (1990). In applying this standard, we do not disturb those findings unless the findings of the district court are "without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made." Id. at 1182. We review legal issues de novo. U.S. v. Roberts, 898 F.2d 1465, 1469 (10th Cir. 1990).

United States v. Garcia, 78 F.3d 1457, 1462 (10th Cir. 1996).

The record indicates Walker failed to make any objections to the sentencing report or to the judge's adoption of those findings. Our review of the sentence is therefore limited to plain error. See United States v. Deninno, 29 F.3d 572, 580 (10th Cir. 1994). None of the alleged errors meets this threshold.

Walker's suggestion that the court could have granted a downward departure based on the "safety valve" provision in the guidelines is unpersuasive. 18 U.S.C. § 3553(f), allowing such downward departures under certain circumstances, applies only to offenses prescribing a statutory minimum sentence. Walker's offense carried no such statutory minimum. Accordingly, it was not plain error for the district court not to grant this downward departure.

Walker also asserts that she should have received an additional level of reduction for acceptance of responsibility. Walker presents no evidence, however, that this action was warranted, nor did she object to the sentencing report's conclusion that she failed to timely provide complete information to the government regarding the offense as required by U.S.S.G. § 3E1.1(b). Moreover, "factual disputes [regarding sentencing] do not rise to the level of plain error ." Deninno, 29 F.3d at 580. The district court's decision to grant only the two-level reduction for acceptance of responsibility was therefore proper.

Finally, Walker suggests the district court should have determined that she was a minimal or minor participant in this criminal activity and was therefore

entitled to downward departure.  There is no evidence in the record supporting these assertions.  Walker's argument that "the district court was deprived of any factual consideration for downward departure" speaks to the apparent acquiescence of her counsel at sentencing and not to an error, plain or otherwise, by the court.

## CONCLUSION

We find that the district court did not plainly err when it determined that Agent Armendariz had probable cause to search Walker's vehicle based upon the K-9 alert, nor did it plainly err in calculating Walker's sentence under the guidelines.  Accordingly, the judgment of the district court is AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge