SULLIVAN, Judge
(concurring in the result):
This was a trial by military judge alone (Article 16(1)(B), Uniform Code of Military Justice, 10 USC § 316(1)(B)), and appellant’s sentence was determined by a judge using the Rules for Courts-Martial promulgated by the President under Article 36(a), UCMJ, 10 USC § 836(a). See RCM 1001-1009, Manual for Courts-Martial, United States (1995 ed). Appellant objected to the admission of sentencing testimony by the victim’s father, over the telephone, offered by the prosecution as aggravation evidence.
There is no express provision in the Military Rules of Evidence authorizing the taking of testimony for sentencing by telephone. However, RCM 1001(e)(1) might be broad enough to allow this sentencing procedure.[1] It states:
(e) Production of witnesses.
(1) In general. During the presentence proceedings, there shall be much greater latitude than on the merits to receive information by means other than testimony presented through the personal appearance of witnesses. Whether a witness shall be produced to testify during presen-tence proceedings is a matter within the discretion of the military judge, subject to the limitations in subsection (e)(2) of this rule.
Discussion
See R.C.M. 703 concerning the procedures for production of witnesses.
(2) Limitations. A witness may be produced to testify during presentence proceedings through a subpoena or travel orders at Government expense only if — ■
(A) The testimony expected to be offered by the witness is necessary for consideration of a matter of substantial significance to a determination of an appropriate sentence, including evidence necessary to resolve an alleged inaccuracy or dispute as to a material fact;
(B) The weight or credibility of the testimony is of substantial significance to the determination of an appropriate sentence;
(C) The other party refuses to enter into a stipulation of fact containing the matters to which the witness is expected to testify, except in an extraordinary case when such a stipulation of fact would be an insufficient substitute for the testimony;
(D) Other forms of evidence, such as oral depositions, written interrogatories, or former testimony would not be sufficient to meet the needs of the court-mar *179 tial in the determination of an appropriate sentence; and
(E) The significance of the personal appearance of the witness to the determination of an appropriate sentence, when balanced against the practical difficulties of producing the witness, favors production of the witness. Factors to be considered include the costs of producing the witness, the timing of the request for production of the witness, the potential delay in the pre-sentencing proceeding that may be caused by the production of the witness, and the likelihood of significant interference with military operational deployment, mission accomplishment, or essential training.
(Emphasis added in text.)
Nevertheless, appellant rests his right-ofeonfrontation claim on the Sixth Amendment and the Supreme Court’s decision in Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967). He contends that where sentencing is done in “an adversarial criminal proceeding” (see generally Middendorf v. Henry, 425 U.S. 25, 35, 96 S.Ct. 1281, 47 L.Ed.2d 556 (1976)), he is entitled to his full Sixth Amendment rights, including the right to confront and cross-examine the witnesses against him. See also United States v. Castellanos, 904 F.2d 1490, 1496 (11th Cir.1990). He further avers that sentencing at a court-martial is an adversarial criminal proceeding subject to the Sixth Amendment.
I agree with the majority that the Sixth Amendment does not require an adversarial sentencing proceeding with a right of confrontation. See Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). Nevertheless, the President, as authorized by Congress, has provided a limited adversarial sentencing proceeding with a limited right of confrontation in the court-martial system. See RCM 1001(e). See generally Weiss v. United States, 510 U.S. 163, 176-81, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994). The purpose of this proceeding is to determine an “appropriate sentence.” RCM 1001(a)(1).
In my view, Specht v. Patterson, supra at 608, 87 S.Ct. 1209, did not address a sentencing hearing of this type. There, after conviction, “a new finding of fact” by the judge was required by Colorado law (“whether a person constitutes a threat of bodily harm to the public, or is an habitual offender and mentally ill”), which was to serve as the basis for criminal commitment of an accused beyond that authorized for his original conviction. The Supreme Court held that this procedure, in effect, amounted to an additional criminal proceeding under the Colorado Sex Offenders Act. Such a proceeding is clearly not the same as the continuous sentencing procedure at courts-martial, so I conclude that Specht is not applicable to appellant’s case.
Today, the sentencing procedures at courts-martial have become more akin to those now in the federal court system which do not require Sixth Amendment confrontation. See United States v. Wise, 976 F.2d 393, 398 n. 2 (8th Cir.1992). However, as noted in the majority opinion, federal cases clearly recognize a limited Fifth Amendment right to confrontation at these proceedings. See United States v. Goldfaden, 959 F.2d 1324, 1330 (5th Cir.1992). Courts-martial sentencing procedures clearly meet minimum Fifth Amendment due process standards in the sense that they do provide an accused “adequate notice of and an opportunity to rebut or explain information that is used against him.” (E.g., RCM 1001(d) (rebuttal and surrebuttal)). See United States v. Beaulieu, 893 F.2d 1177, 1181 (10th Cir.), cert. denied, 497 U.S. 1038, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990). In my view, the telephonic portion of appellant’s sentence hearing did not deny him adequate due process; even if error did occur, either under the Manual or the Fifth Amendment, it was harmless beyond a reasonable doubt as explained by Judge Effron in his separate opinion.

. This Manual rule is based in part on Article 46, Uniform Code of Military Justice, 10 USC § 846. It states:
§ 846. Art. 46. Opportunity to obtain witnesses and other evidence
The trial counsel, the defense counsel, and the court-martial shall have equal opportunity to obtain witnesses and other evidence in accordance with such regulations as the President may prescribe. Process issued in court-martial cases to compel witnesses to appear and testify and to compel the production of other evidence shall be similar to that which courts of the United States having criminal jurisdiction may lawfully issue and shall run to any part of the United States, or the Territories, Commonwealths, and possessions.
(Emphasis added.)