DECISION
Defendant-appellant, Harold W. Bowers, appeals from a judgment of the Franklin County Court of Common Pleas finding that appellant should be adjudicated a sexual predator pursuant to R.C. 2950.09, Ohio's sexual predator registration and notification statute.
Appellant was indicted on one count of felonious sexual penetration, one count of attempted rape, and one count of gross sexual imposition. The alleged victim on all counts was appellant's ten-year-old stepdaughter. Appellant subsequently entered a guilty plea to one count of attempted rape and was sentenced to five-to-fifteen years imprisonment. The Ohio Department of Corrections subsequently recommended that appellant be adjudicated a sexual predator subject to the registration and notification requirements of R.C. Chapter 2950. Following a hearing before the Franklin County Court of Common Pleas on August 5, 1999, the court determined that appellant should be adjudicated a sexual predator; upon appeal, however, this court reversed, based upon a finding that the trial court had improperly taken judicial notice of the "noncurable aspects of pedophilic conduct." State v. Bowers (Aug. 8, 2000), Franklin App. No. 99AP-971, unreported. The trial court's predator determination was accordingly vacated and the matter remanded for a new hearing.
The hearing upon remand was held November 28, 2000. No new evidence was presented by either party, and the state and appellant each relied upon the exhibits admitted in the earlier proceeding: a certified copy of the indictment; a certified copy of the guilty plea; a certified copy of the sentencing entry; a transcript of the plea hearing; a presentence investigation; and a form taken from appellant's institutional record on which he indicated that he was unwilling to participate in sex offender counseling. Appellant's exhibits included: an institutional summary indicating that appellant had not presented discipline problems while incarcerated; and a document establishing that appellant had no prior record.
The court then again determined that appellant should be found to be a sexual predator. The most significant factors cited in the trial court's oral decision were the age of the victim, evidence that the victim's stepsister had also been approached by appellant, appellant's refusal to participate in programs available to sex offenders while incarcerated, and information contained in the presentencing investigation ("PSI") report that appellant had also molested two stepchildren by a prior marriage, then aged twelve and fourteen. The court concluded by stating "the court does feel that there is a pattern of misconduct on Mr. Bowers' part that would indicate the possibility does exist that he will reoffend in the future." (Emphasis added; Tr. at 16-17.)
Appellant has timely appealed and brings the following three assignments of error:
ASSIGNMENT OF ERROR NUMBER ONE:
 THE TRIAL COURT ERRED WHEN IT RELIED UPON UNRELIABLE HERSAY STATEMENTS, THAT IT HAD ALREADY RULED WERE INADMISSIBLE, TO FIND THAT THE APPELLANT IS A SEXUAL PREDATOR IN VIOLATION OF THE APPELLANT'S STATUTORY AND CONSTITUTIONAL RIGHTS TO CONFRONT OR CROSS-EXAMINE ADVERSE WITNESSES AND DUE PROCESS OF LAW.
ASSIGNMENT OF ERROR NUMBER TWO:
 THE TRIAL COURT ERRED WHEN IT APPLIED AN IMPROPER STANDARD OF PROOF IN FINDING THAT THE APPELLANT IS A SEXUAL PREDATOR AND FURTHER ERRED WHEN IT IMPROPERLY RELIED UPON A MISPERCEPTION OF THE FACTS TO SUPPORT ITS
 DECISION.
ASSIGNMENT OF ERROR NUMBER THREE:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE APPELLANT WAS A SEXUAL PREDATOR WHEN THE STATE DID NOT ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELANT IS LIKELY TO COMMIT A SEXUALLY ORIENTED OFFENSE AFTER HIS RELEASE FROM PRISON.
Appellant's first assignment of error asserts that the trial court improperly relied upon unreliable hearsay statements contained in the PSI report. In that report, the authoring probation officer quotes the mother of the victim as stating that she had learned that approximately ten years before committing the offense for which he was convicted, at a time when appellant was married to his first wife, appellant had molested his first wife's daughters, then aged twelve and fourteen. The report contains no indication of the source of information relied upon by the victim's mother, or any corroborative sources located by the probation officer. Appellant points out that counsel had objected to these hearsay portions of the PSI at the first predator hearing, and this objection had been then upheld by the trial court at that hearing, the court stating that it would not rely upon these allegations in reaching its determination.
Nonetheless, the court at the second hearing clearly relied upon these allegations of prior acts of molestation by appellant:
 Based on the representation in the Presentence Inves-tigation Report of prior misconduct on behalf of Mr. Bowers involving very young women, one 12 and one 14; and the alleged misconduct, attempted misconduct, involving [the present victim's stepsister]; along with the victim in this particular case, *** the court does feel that there is a pattern of misconduct on Mr. Bowers' part ***. [Tr. at 16.]
The state correctly points out on appeal that the Ohio Supreme Court has held that information in a PSI report, although hearsay, may be relied upon by the trial court in a predator hearing. State v. Cook (1998), 83 Ohio St.3d 404, 425. In Cook, the Ohio Supreme Court noted that sexual predator classification hearings are similar to sentencing or probation hearings and, thus, the rules of evidence would not strictly be applied. Id.
We find that, although it is well-settled pursuant to Cook and subsequent cases that information in a PSI report may be considered by the court at a sexual predator classification hearing, this is not a blanket rule regarding the admissibility of any and all statements, no matter how lacking in indicia of reliability, to be found within the PSI. The broadening of the scope of admissible evidence for sentencing hearings, probation hearings, and by analogy sexual predator classification hearings, is not unlimited but nonetheless subject to the fundamentals of due process. See, e.g., United States v. Streeter (C.A.8, 1990), 907 F.2d 781; United States v. Fortier (C.A.8, 1990),911 F.2d 100; and United States v. Cammisano (C.A.8, 1990), 917 F.2d 1057. Without adopting the specific restrictions on admissibility of hearsay, based upon the right to confrontation, which are developed in the above-cited federal authorities, we nonetheless find that statements adopted from a PSI report must bear some indicia of reliability beyond a mere prejudicial allegation of past misconduct, without specifying source, nature, or origin of the information. The trial court of course maintains a wide latitude of discretion in considering such evidence, but in the present case clearly the trial court was correct in initially declining to consider the statements regarding appellant's past misconduct at the first hearing and erred in considering them at the second hearing. We further note that the trial court's information regarding advances made by appellant to the stepsibling of his present victim was not objected to at the hearing and is not contested upon appeal, and may also have formed a further permissible basis for the trial court's finding of a pattern of misconduct by appellant. In the balance, however, it is difficult to separate the impact of one item of information from the other where the trial court has explicitly relied on the cumulative weight of both. Since the trial court's decision is based in part upon a finding of a pattern of misconduct by appellant, we must find that this consideration of statements from the PSI report was prejudicial to appellant. Appellant's first assignment of error is accordingly sustained.
Appellant's second assignment of error asserts that the trial court applied the wrong standard of proof in making its determination that appellant should be classified as a sexual predator. R.C. 2950.01(E) defines sexual predator as follows:
 "Sexual predator" means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
The trial court in the present case explicitly stated that there was a "possibility" that appellant would re-offend. While the state on appeal strives to equate "possibility" and "likely to" as words of identical import, we find that they represent a significantly different degree of probability in assessing the risk of re-offending. The mere "possibility" of re-offending, of course, could have been chosen by the legislature as a standard but it was not; given the significant difference in meaning between the two terms, we find that the incorrect standard applied by the trial court in the present case does not conform to the statutory assessment of appellant's risk of re-offending. Appellant's second assignment of error is accordingly sustained.
Appellant's third assignment of error asserts that the trial court's determination that the state had established by clear and convincing evidence that appellant was likely to commit a sexually oriented offense is against the manifest weight of the evidence. Because we are remanding on the basis of appellant's first two assignments of error, any detailed assessment of the weight of the evidence in the present case is premature; we do find, however, that there is substantial evidence in the record which certainly militates against any preclusion that the trial court, reconsidering the matter under the correct standard and omitting the inadmissible hearsay addressed above, could find appellant to be a sexual predator. Beyond this, appellant's third assignment of error will not be addressed, as it is premature in the context of our resolution of appellant's first two assignments of error.
Based upon the foregoing, appellant's first and second assignments of error are sustained, appellant's third assignment of error is rendered premature, and the matter is reversed and remanded to the Franklin County Court of Common Pleas to hold a new hearing to determine whether appellant should be classified a sexual predator.
BROWN, J., concurs.
PETREE, J., concurs separately.