**UNITED STATES of America,
Appellee/Cross–Appellant,**

v.

**Harvey Raymond HARRIS,
Appellant/Cross–
Appellee.**

Nos. 91–2019, 91–2022.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1992.

Decided Dec. 31, 1992.

Alfredo Parrish, Des Moines, IA, argued, for appellant.

Ronald Michael Kayser, Asst. U.S. Atty., Des Moines, IA, argued, for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGNUSON,* District Judge.

* The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

**318**

MAGNUSON, District Judge.

## I. INTRODUCTION

Harris appeals from his sentence imposed by the Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa. Harris objects to the district court's determination that he was a manager or supervisor in the offense. Harris further objects to the district court's determination that the offense occurred while he was on probation. The United States cross-appeals because the district court refused to consider hearsay evidence contained in the pre-sentence investigation report absent a showing of unavailability of the declarants.

## II. FACTS

On January 4, 1991, Harris pleaded guilty to conspiracy to distribute cocaine between the dates of January 1, 1980 and November 16, 1990. The district court determined that the offense involved between seventeen and a half and twenty kilos of cocaine, which resulted in a base offense level of thirty-four. The district court further found that the defendant was a manager or supervisor in the offense, which warranted a two-point upward adjustment. The district court also determined that the defendant accepted responsibility for his crime, resulting in a two-point downward adjustment. Finally, the district court assigned the defendant a criminal history category of II because he committed the offense while on probation.

Harris was on probation from February 17, 1988 to February 17, 1989 for previous convictions of criminal mischief in the fourth degree and assault without intent to inflict serious injury, and causing bodily injury.

## III. DISCUSSION

### A. MANAGER OR SUPERVISOR ADJUSTMENT

█ The factual determinations of the district court should be affirmed unless clearly erroneous. *United States v. Pierce*, 907 F.2d 56 (8th Cir.1990). Evidence in the record shows that: (1) Harris

recruited Mr. Close into the cocaine conspiracy; (2) that Harris was a key link between the supply of cocaine in Florida and its distribution in Iowa; (3) that Harris was able to supply large quantities of cocaine during the course of the conspiracy; and (4) that Harris was able to set a price for the cocaine. These facts support the district court's determination that Harris was a manager in the offense. The district court's sentence is affirmed with respect to this issue.

### B. CRIMINAL HISTORY SCORE

█ Harris argues that there is no direct evidence that he actually distributed cocaine between February 17, 1988 and February 17, 1989. This factual finding should be affirmed unless clearly erroneous. *Id.* Mr. Close testified that Harris sold him cocaine in 1988. Moreover, the offense to which Harris pleaded guilty was conspiracy to distribute cocaine from January 1, 1980 to November 16, 1990. The district court's sentence is affirmed on this issue.

### C. HEARSAY EVIDENCE

The district court refused to consider prior grand jury testimony bearing on the question of whether the criminal activity "managed" by the defendant involved five or more participants. The district court based its ruling on *United States v. Fortier*, 911 F.2d 100 (8th Cir.1990), in which this court held that admission of hearsay statements of an available declarant at a sentencing hearing violates the Confrontation Clause of the U.S. Constitution. *Fortier*, 911 F.2d at 103. Subsequent to oral argument on the present appeals, this court, sitting *en banc*, overruled *Fortier*. We held that the Confrontation Clause does not apply to sentencing proceedings and that hearsay evidence is admissible in such proceedings if it is sufficiently reliable and credible. *U.S. v. Wise*, 976 F.2d 393, 400–403 (8th Cir.1992); *see* U.S.S.G. § 6A1.3(a).

█ The determination of whether to consider evidence proffered at sentencing pursuant to U.S.S.G. § 6A1.3(a) is committed to the sound discretion of the trial

court. The sentencing guideline policy statement declares, in pertinent part:

> In resolving any reasonable dispute concerning a factor important to the sentencing determination, the court *may* consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.

U.S.S.G. § 6A1.3(a), p.s. (emphasis added). We emphasized in *Wise* that a sentencing court retains discretion under the Guidelines to determine whether it will consider hearsay testimony regarding the defendant's role in the offense(s) of conviction. *Wise* 976 F.2d 393, 402–403.

Although the district court believed it was prohibited from considering the hearsay testimony under a case subsequently overruled, the decision to exclude that testimony at sentencing was within the court's discretion. Neither the sentencing guidelines nor the law of this circuit requires a sentencing court to consider the sort of hearsay testimony proffered by the government in this case. *Wise* merely held that a sentencing court *may* consider such evidence at sentencing, *not* that the district court must consider such evidence. The record indicates that, apart from its Confrontation Clause concerns, the district court had doubts about the reliability of the grand jury testimony. Because the district court acted within its discretion in refusing to consider grand jury hearsay testimony at sentencing, we hold that its reliance on *Fortier* was thus harmless error. *See* Rule 52(a) Fed.R.Crim.P.

Accordingly, the district court's decision is AFFIRMED.