**UNITED STATES of America, Appellee,**

v.

**Carroll Damon JONES, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Linda Pearl Winningnear JONES, Appellant.**

Nos. 92–2422, 92–2423.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1993.

Decided May 26, 1993.

Herbert T. Wright, Little Rock, AR, for appellants.

Lesa Bridges Jackson, Asst. U.S. Atty., Little Rock, AR, for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.

McMILLIAN, Circuit Judge.

In these consolidated appeals, Carroll Damon Jones appeals from a final judgment entered in the District Court for the Eastern District of Arkansas [1] sentencing him to 120 months imprisonment, 3 years supervised release and a special assessment of $50.00, following his guilty plea to receiving a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). Jones's wife, Linda Pearl Winningnear Jones, appeals the final judgment entered in the District Court for the Eastern District of Arkansas sentencing her to 36 months imprisonment, one year supervised release and a special assessment of $50.00, following her guilty plea to misprision of Jones's felony, in violation of 18 U.S.C. § 4. For reversal, Mr. and Mrs. Jones argue that the district court improperly considered conduct from dismissed charges in calculating their base offense levels and in denying them reductions for acceptance of responsibility. They also argue that the district court erred in admitting into evidence hearsay statements of the minor. We affirm the judgment of the district court.

In addition to the charge of receiving a visual depiction of a minor engaged in sexually explicit conduct, Mr. Jones was charged with producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a). Pursuant to a plea agreement, Mr. Jones pleaded guilty to the receiving charge, and the producing charge was dismissed. Mrs. Jones was originally charged in the same indictment with misprision of both of the

1. The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

felonies. Pursuant to a plea agreement, Mrs. Jones pleaded guilty to a new one-count information, which charged her with misprision of the receiving felony. The charges against her in the original indictment were then dismissed.

According to the Presentence Reports (PSRs), photographs depicting a young female lying on a bed with her genitals exposed were turned over to the Postal Inspection Service by a film processing company. The photographs were delivered to the Jones residence, and a search of the residence was then conducted. Mr. Jones told the postal inspector that he took the photographs. He stated that he was loading the film and he accidentally "exposed the first few frames." He stated the camera was pointing toward the minor who was lying on a bed and removing her panties. He also stated that the minor took her panties off because she wanted to, not because he asked her to. In a subsequent interview conducted by the United States Probation Office, Mr. Jones stated that he did not take the photographs. He stated that he believed the minor had taken the photographs. During an interview with the Probation Office, Mrs. Jones stated that she did not take the photographs and she did not know how they were taken. During an interview conducted by a state prosecuting attorney[2] and a social worker, the minor stated that Mr. Jones would undress her and lay her on a bed, and he would take pictures of her while she was undressed. The minor also stated that Mrs. Jones was present when Mr. Jones did this, but she would not make him stop.

The Guideline applicable to offenses involving the receipt of material involving the sexual exploitation of a minor provides a cross-reference to U.S.S.G. § 2G2.1 if the offense involved causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. U.S.S.G. § 2G2.2(c)(1). Mr. Jones's PSR applied this cross-reference provision and set his base offense level at 25. See U.S.S.G. § 2G2.1(a). The PSR increased Mr. Jones's offense level by four because his offense involved a minor under the age of twelve years,

and by two more because the minor was in the custody, care, or supervisory control of Mr. Jones. See Guidelines § 2G2.1(b)(1), (b)(2). The PSR recommended denial of a reduction for acceptance of responsibility because Mr. Jones had denied taking the photographs. With a total offense level of 31 and a criminal history category of II, the Guidelines sentencing range was 121 to 151 months. The PSR noted, however, that the range exceeded the statutory maximum of 120 months. See 18 U.S.C. § 2252(b)(1). Mrs. Jones's PSR set her base offense level at 19 under U.S.S.G. § 2X4.1. The PSR recommended that Mrs. Jones be denied a reduction for acceptance of responsibility because she denied having knowledge of who took the photographs. With a criminal history category of I, Mrs. Jones's Guidelines sentencing range was 30 to 37 months. Noting, however, that the statutory maximum prison term was thirty-six months, see 18 U.S.C. § 4, the PSR set her range at 30 to 36 months.

The district court overruled objections to the PSRs and an objection to the introduction of the transcript of the minor's interview. The district court concluded it was proper to consider the conduct of the dismissed charges in sentencing defendants, and the district court found by a preponderance of the evidence that Mr. Jones took the photographs. The district court stated "I don't find it credible that a nine-year-old child would take that sort of picture of herself and later in an interview indicate that [Mr. Jones] took the pictures." Although the district court did not make an explicit finding that Mrs. Jones concealed Mr. Jones's conduct of taking the photographs, the district court adopted all sentencing calculations and recommendations of both PSRs.

■■■ For reversal, defendants argue that the district court erred in considering conduct from dismissed charges in calculating the base offense levels and in denying them reductions for acceptance of responsibility.

■■■ We disagree. The relevant conduct Guideline states in part that the applicability of cross-reference provisions are determined

---

**2.** The Joneses had also pleaded guilty to related charges in state court.

on the basis of all acts committed by the defendant that occurred during the commission of the offense of conviction, in preparation for that offense, or in furtherance of that offense. U.S.S.G. § 1B1.3(a)(iii)(1) (1991). The Guidelines also provide that a defendant may receive a sentencing reduction if he or she accepts responsibility for the offense *and related conduct.* U.S.S.G. § 3E1.1, comment. (backg'd.) (1991). Mr. Jones's conduct in taking the photographs was done in preparation for his commission of the offense of conviction of receiving the photographs, and thus, was properly considered by the district court in applying the cross-reference provision of Guidelines § 2G2.2. Also, the statement by Mr. Jones that he did not take the photographs and the statement by Mrs. Jones that she did not know who took the photographs were properly considered by the district court in determining whether the Joneses were entitled to reductions for acceptance of responsibility. Furthermore, the district court did not deprive Mr. and Mrs. Jones of the benefit of their plea agreements by sentencing them based on conduct from the dismissed charges. Despite their pleas, Mr. and Mrs. Jones were bound by the Sentencing Guidelines, and this court has previously held that conduct relevant to charges dismissed pursuant to a plea agreement may be considered by the district court at sentencing. *See United States v. Williams,* 879 F.2d 454, 457 (8th Cir.1989).

Defendants also argue the district court erred in admitting into evidence the transcript of the minor's interview. We disagree. The Confrontation Clause does not apply in sentencing proceedings. *United States v. Wise,* 976 F.2d 393, 401 (8th Cir. 1992) (en banc), *cert. denied,* —— U.S. ——, 113 S.Ct. 1592, 123 L.Ed.2d 157 (1993). The Guidelines provide that a hearsay statement may be considered if it has " 'sufficient indicia of reliability to support its probable accuracy.' " *Id.,* 976 F.2d at 402 (quoting U.S.S.G. § 6A1.3(a), p.s.) The determination of whether hearsay is sufficiently reliable depends upon the particular circumstances of each case, *see id.* at 403, and that determination is committed to the sound discretion of the trial court. *See United States v. Harris,* 982 F.2d 317, 318–19 (8th Cir.1992). Here,

the district court determined that the minor's statement that Mr. Jones took pictures of her while she was undressed was reliable. The district court stated that it was not credible that a nine-year-old girl would take nude pictures of herself (as Mr. Jones had suggested) and then falsely state during an interview that Mr. Jones had taken the pictures. We conclude that the district court did not abuse its discretion in considering this statement by the minor. We also conclude that the district court did not err in determining that this statement proved by a preponderance of the evidence that Mr. Jones had taken the pictures; therefore, the district court did not err in applying the cross-reference provision of Guidelines § 2G2.1. Although the district court made no express finding in regard to whether Mrs. Jones had concealed Mr. Jones's conduct, the minor's statements verified that Mrs. Jones was present when the pictures were taken and had taken no steps to stop Mr. Jones. Mrs. Jones does not assert that she reported any of the conduct to authorities.

Because the record supports the district court's findings that Mr. Jones took the photographs, that Mrs. Jones was present when he did so, and that Mr. and Mrs. Jones denied the conduct, we conclude the district court properly denied the Joneses sentencing reductions for acceptance of responsibility. *See United States v. Lublin,* 981 F.2d 367, 370 (8th Cir.1992) (affirming denial of reduction where defendant was not truthful during presentence investigation).

Accordingly, we affirm the judgments of the district court.