994 F.2d 844
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Richard L. ROBERTSON, Appellant.
 No. 92-3385.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1993.
Filed: June 8, 1993.
 
 Before JOHN R. GIBSON, Circuit Judge, LAY, Senior Circuit Judge, and FAGG, Circuit Judge.
 PER CURIAM.
 
 
 1
 Richard L. Robertson appeals the ninety-month sentence imposed on him by the district court[1] following his guilty plea to conspiring to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846. He argues the district court erred in increasing his sentence under U.S.S.G. § 3B1.1(b) for being a manager or supervisor of criminal activity that involved five or more participants or that was otherwise extensive. We affirm.
 
 
 2
 The parties agreed that the total amount of marijuana attributable to Robertson was 485 kilograms. Thus, the PSR set Robertson's base offense level at 28. See U.S.S.G. § 2D1.1(c)(8) (at least 400 but less than 700 kilograms). The PSR recommended a three-level increase under section 3B1.1(b) and a two-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1. With a total offense level of 29 and a criminal history category of I, the Guidelines range was 87 to 108 months. Robertson objected to the three-level increase for his role in the offense. The district court overruled the objection.
 
 
 3
 Robertson argues on appeal that the district court erred in increasing his sentence under section 3B1.1(b) because the government presented no evidence that Robertson's participation in the offense was extensive, that Robertson recruited any accomplices, that Robertson's role in planning or organizing the offense was extensive, that Robertson managed or supervised any of the co-conspirators or exerted any control over their activities, or that the offense involved five or more participants.
 
 
 4
 We may not overturn a district court's finding that a defendant is a manager or supervisor in criminal activity unless it is clearly erroneous. We conclude the district court did not clearly err. Although there was no evidence that Robertson directed or controlled the activities of his co-conspirators, there was evidence that he managed the distribution of marijuana. The evidence indicated that Robertson was a substantial link between a large supply of marijuana in Texas and its distribution in Des Moines. He either travelled to Texas to obtain the marijuana directly from his source, Bruce Johnson, or else he received it from other individuals who delivered it to him. He then stored the marijuana in a rented warehouse and "arranged" sales to local buyers. See United States v. Harris, 982 F.2d 317, 318 (8th Cir. 1992) (in sentencing defendant as manager or supervisor, court considered facts that defendant was key link between supply of drugs in Florida and its distribution in Iowa, and that defendant was able to supply large quantities of drugs during course of conspiracy); United States v. Lawrence, 918 F.2d 68, 72 (8th Cir. 1990) (to be manager or supervisor in drug conspiracy, defendant need not control or manage co-conspirators; it is sufficient if defendant managed criminal activity), cert. denied, 111 S. Ct. 1399 (1991).
 
 
 5
 Also, the evidence clearly indicated that more than five individuals were involved in the criminal activity. Johnson indicated that he received marijuana from suppliers in Texas and Mexico. Robertson purchased marijuana from Johnson and sold it to a "few" Des Moines buyers. Robertson also had direct contact with individuals other than his source and his customers. He had contact with co-conspirators Brian Schlitz and Tim Renfro, who delivered marijuana to him from Texas.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota