996 F.2d 1222
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Montez E. CLEMONS, Appellant.
 No. 92-2787.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 14, 1993.
Filed: June 16, 1993.
 
 Before McMILLIAN, Circuit Judge, HENLEY,* Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Montez E. Clemons appeals from a final judgment entered in the District Court[1] for the District of Nebraska sentencing him to 136 months imprisonment, 5 years supervised release and a special assessment of $100.00, after he was convicted under 21 U.S.C. §§ 841(a) and 846 of distributing cocaine base on July 31, 1991, and of conspiring to distribute and to possess with intent to distribute cocaine base between December 4, 1989, and August 12, 1991. For reversal, he argues the district court erred in calculating his base offense level and in increasing his offense level for his role in the offense. We affirm the judgment of the district court.
 
 
 2
 In addition to the conspiracy charge (Count I) and the July 31, 1991, distribution charge (Count IV), Clemons was also charged with distributing cocaine base between December 4, 1989, and March 1, 1990 (Count II), and with distributing cocaine base on July 18, 1991 (Count III). He was convicted on Counts I and IV and acquitted on Counts II and III. The presentence report (PSR) set Clemons's base offense level at 26. See U.S.S.G. § 2D1.1(c)(9) (at least five but less than twenty grams of cocaine base). The PSR increased his offense level by three for being a manager or supervisor of criminal activity that involved five or more participants or that was otherwise extensive. See U.S.S.G. § 3B1.1(b). With an offense level of 29 and a criminal history category of IV, the Guidelines sentencing range was 121 to 151 months. Clemons objected to several provisions of the PSR, including its calculation of his base offense level and its increase of his offense level under Guidelines § 3B1.1(b). He argued at sentencing that, because the jury acquitted him on Count II, the jury must not have believed Perry Hagler, a co-conspirator who testified against him in regard to Count II as well as the other counts. He argued that the jury's disbelief of Hagler's testimony was an indication that the testimony was unreliable and, therefore, the district court should not have considered any of the testimony in determining the amount of cocaine base attributable to Clemons or in determining Clemons's role in the offense.
 
 
 3
 The district court rejected Clemons's argument. The district court determined that, although the jury acquitted Clemons of Counts II and III, the jury convicted him of the conspiracy count and that a portion of Hagler's testimony related to the conspiracy. The district court stated that it would not include in its sentencing calculation the amount of cocaine base from the acquitted counts, but that it would not reject all of Hagler's testimony. The district court stated:
 
 
 4
 I ... have to sentence [Clemons] on the basis of a conspiracy, Count I, and a specific distribution of Count IV.... I have no doubt that Mr. Clemons was involved in a conspiracy to distribute crack cocaine and it involved more than simply a distribution on July 31, 1991. Mr. Hagler ... indicated crack purchases from Montez Clemons totalling approximately one half ounce, and was involved in other crack cocaine sales to other individuals as well, which Hagler estimates at about one ounce of crack cocaine.[2] I'm persuaded that with respect to Count IV there was .42 grams of cocaine base ... involved ..., and that Mr. Clemons could reasonably foresee that there was involved in a conspiracy of which he has been found guilty at least five grams.
 
 
 5
 The district court also found that the three-level enhancement under Guidelines § 3B1.1(b) was appropriate because Clemons was a manager or supervisor of criminal activity that involved five or more participants or was otherwise extensive.
 
 
 6
 For reversal, Clemons argues the district court erred in calculating his base offense level. We disagree. The Guidelines provide that, in resolving sentencing disputes, the district court may consider any relevant information (regardless of its admissibility at trial) that has sufficient indicia of reliability to support its probable accuracy. U.S.S.G. § 6A1.3(a), p.s. The determination of whether to consider the information is committed to the sound discretion of the trial court. See United States v. Harris, 982 F.2d 317, 318-19 (8th Cir. 1992). We conclude the district court did not abuse its discretion in considering Hagler's trial testimony for purposes of sentencing. Hagler testified primarily in regard to one of the distribution charges (Count II) and to the conspiracy charge (Count I). Because the jury convicted Clemons of the conspiracy charge, it appears that the jury found at least this portion of Hagler's testimony to be credible. According to Hagler's testimony, Clemons was directly involved in the purchase of a total of one ounce (28.35 grams) of cocaine base in Kansas City, was involved in the sale of one half ounce (14.175 grams) of cocaine base directly to Hagler, and was involved in the sale of at least "a couple of eight balls" to Hagler through other individuals. In regard to Count IV, the other count of conviction, the evidence revealed that Clemons distributed .42 grams of cocaine base. The record supports the district court's finding that Clemons was accountable for at least five grams of cocaine base.
 
 
 7
 Clemons next argues the district court erroneously increased his offense level based on his role in the offense. We disagree. A district court's finding regarding the defendant's role in an offense may not be overturned unless it is clearly erroneous. See id. at 318. We conclude the district court did not clearly err in finding that Clemons was a manager or supervisor of criminal activity that involved at least five participants. Hagler indicated that Clemons supplied crack cocaine to more than five individuals, who in turn sold the crack cocaine to others, including Hagler and his twin brother; Clemons set the sale price of "eight balls" higher than the going rate; and Clemons at times fronted crack cocaine to at least one of his distributors. See id. (affirming manager/supervisor enhancement where defendant recruited a co-conspirator; was key link between drug suppliers and distributors; supplied large quantities of cocaine during course of conspiracy; and set price for cocaine); cf. United States v. Duckworth, 945 F.2d 1052, 1054 (8th Cir. 1991) (affirming role enhancement where defendant supplied several mid-level drug dealers and extended credit to at least some of them); United States v. Johnson, 906 F.2d 1285, 1292 (8th Cir. 1990) (affirming role enhancement where defendant recruited, supplied, and directed others in drug distribution scheme).
 
 
 8
 Accordingly, we affirm the judgment of the district court.
 
 
 
 *
 Judge Henley agreed in conference with the result in this case, but became ill and was unable to participate further before the filing of the opinion
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska
 
 
 [2]
 Our understanding is that Hagler originally stated that Clemons sold "an ounce" to other individuals, but then changed his testimony to "a couple of eight balls" upon clarification of the prosecutor's question