United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-3205

_____

United States of America,               *
                                        *
        Plaintiff - Appellee,           *        Appeal from the United States
                                        *        District Court for the
        v.                              *        Southern District of Iowa.
                                        *
Lou Jiam Saelee,                        *
                                        *
        Defendant - Appellant.          *


_____

Submitted: February 11, 1997

Filed: August 6, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, HANSEN, Circuit Judge, and
        BATTEY, District Judge.[1]

_____

---

[1]The Honorable Richard H. Battey, Chief Judge, United States District Court for
the District of South Dakota, sitting by designation.

1

HANSEN, Circuit Judge.

Following Lou Jiam Saelee's plea of guilty to one count of possession with intent to distribute opium, in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to possess and distribute opium, in violation of 21 U.S.C. §§ 841(a)(1) and 846, the district court[2] denied Saelee's downward departure motion and sentenced him within the applicable range as determined by the Sentencing Guidelines. Saelee appeals, contending the district court did not understand its authority to depart downward. We disagree and dismiss this appeal for lack of jurisdiction.

A sentencing court may depart from the applicable guideline range if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. 3553(b) (1994); see also U.S. Sentencing Guidelines Manual § 5K2.0 (1995) (policy statement on the grounds for departure under 18 U.S.C. § 3553(b)). Under section 3553(b), a district court may depart from the Guidelines when "certain aspects of the case [are] unusual enough for it to fall outside the heartland of cases in the Guideline[s]." Koon v. United States, 116 S. Ct. 2035, 2046 (1996).

"We accord a unitary abuse-of-discretion review to `a district court's decision to depart from the Guidelines,' . . . but a discretionary decision not to depart from the Guidelines is unreviewable on appeal absent an unconstitutional motive." United States v. Field, 110 F.3d 587, 591 (8th Cir. 1997) (quoting Koon, 116 S. Ct. at 2046). "We have jurisdiction to review a district court's decision not to depart only where the

---

[2]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

2

decision is based on the district court's legally erroneous determination that it lacked authority to consider a particular mitigating factor." Id.

Saelee moved for a downward departure based upon his circumstances as a political refugee. Saelee put on evidence showing that he resided in a refugee camp for ten years, beginning at age six, and had no opportunity there for formal education. Because of his conviction, Saelee noted he was likely subject to deportation after his incarceration. He highlighted the possibility that no other country would accept him because of his conviction for drug trafficking, in which case he would be confined in an INS detention facility for an indefinite period after he serves his prison sentence. Saelee maintained that the uncertainty of his future deportation and the possibility of permanent separation from his family create a harsher consequence than that faced by a typical noncitizen defendant. Saelee urged the district court to consider the circumstances surrounding his crime, his personal history, and his uncertain future, and to grant him a downward departure.

The district court said it had difficulty squaring a departure based upon Saelee's national origin with sections 5H1.10 and 5H1.12 of the Sentencing Guidelines, which state that race, sex, national origin, creed, religion, and socioeconomic status "are not relevant in the determination of a sentence," USSG § 5H1.10, and "lack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds for imposing a sentence outside the applicable guideline range," id. § 5H1.12. When the district court invited further comment, Saelee's attorney clarified that Saelee was simply pointing out that the impact his status as a deportable alien has on the consequences of his conviction is a relevant circumstance to sentencing and that it makes his case atypical and extraordinary. He also explained that Saelee's lack of guidance as a youth and his youthful deprivation are relevant because if Saelee had not been so deprived educationally, he would have been able to become a naturalized citizen of the United States and would not be subject to any possible deportation.

3

The district court noted that a defendant's status as a political refugee is not, alone, ground for departure. Nonetheless, the district court concluded:

> Now, as a matter of law, the case of the United States versus Koon . . . suggests that a court can always take into account the defendant's personal circumstances, and I am doing so, but I do not believe they warrant a departure below the guideline range that the presentence report has found to be applicable here.

(Sentencing Tr. at 62.) The court further explained, "I don't think that as a matter of law there's a right to departure when one has bad circumstances, but I'm saying that as a matter of law, under <u>Koon</u>, the court may always depart if the circumstances warrant it." (<u>Id.</u> at 63.)

We agree with the district court that Saelee's status as an alien is not, by itself, sufficient to warrant a departure from the Guidelines. USSG § 5K1.10; <u>Koon</u>, 116 S. Ct. at 2044-45 (noting that national origin is never a permissible reason for departure). Thus, the district court correctly understood that its discretionary authority to depart rested upon a determination that the circumstances of this case make it exceptional and atypical, such that it is outside of the heartland of cases. Because the district court understood its authority to depart downward, but declined to do so in the circumstances presented, its decision not to exercise that authority is unreviewable.

We therefore dismiss this appeal for want of jurisdiction.

4

A true copy.

Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.