United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-2525

_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *
    v.                                       *
                                             *
Terry Swant,                                 *
                                             *
            Appellant.                       *


_____

No. 97-2720

_____

United States of America,                    *    [UNPUBLISHED]
                                             *
            Appellee,                        *
                                             *
    v.                                       *
                                             *
Daniel Edward Bouska,                        *
                                             *
            Appellant.                       *

Appeals from the United States
District Court for the
Northern District of Iowa.

_____

Submitted:  March 5, 1998
     Filed:  March 6, 1998

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

In a superseding indictment, Terry Swant, Daniel Edward Bouska, and Steven Damjanovic were charged with conspiring to distribute methamphetamine and possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. Swant pleaded guilty, and Bouska was convicted by a jury following a trial. On appeal, Swant challenges the sentence imposed on him by the district court,[1] and Bouska challenges his conviction and sentence. We affirm.

Bouska challenges his conviction by arguing the district court erred in denying his request for a mistrial, made after the prosecutor asked Bouska on cross-examination whether he knew that another individual, who was with Bouska at the time of his arrest, had methamphetamine on his person, contrary to the district court's pretrial ruling. We review for abuse of discretion a district court's discretionary decision to deny a motion for a mistrial. See United States v. Thomas, 93 F.3d 479, 487 (8th Cir. 1996). Reversible trial error occurs when a prosecutor's actions are improper and have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial. In making such a determination, we consider the cumulative effect of such misconduct, the strength of the properly admitted evidence of the defendant's guilt, and the curative actions taken by the district court. See id.

Given the extensive evidence of Bouska's guilt, we cannot say that the court abused its discretion in denying the motion for a mistrial. Even assuming without deciding that the prosecutor's action was improper, we do not believe Bouska was denied a fair trial. Bouska's involvement with methamphetamine was testified to and corroborated by four other witnesses. Bouska admitted that he had used

---

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

methamphetamine with, and had obtained methamphetamine from, three of these witnesses. In answer to the prosecutor's question, Bouska stated that he was not aware officers had discovered methamphetamine on his companion, thereby diminishing the alleged prejudicial effect of the question. The district court also refused to admit into evidence the methamphetamine seized from this other person, or the lab report's reference to this methamphetamine.

As to their sentences, Swant and Bouska both challenge the district court's imposition of a two-level enhancement for possessing firearms during the commission of a drug offense, pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995). We conclude that the court did not clearly err in assessing this enhancement. See U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.3) (1995) (enhancement applies unless it is clearly improbable that weapon was connected with drug offense); United States v. McCracken, 110 F.3d 535, 542 (8th Cir. 1997) (standard of review). As to Swant, although the firearms seized from his residence were kept in a locked gun cabinet, the guns were visible through the cabinet's glass front; the key to the cabinet was located on top of the cabinet; the ammunition for these weapons--including a loaded clip--was stored in or near the cabinet; and Swant conducted drug transactions at his residence. As to Bouska, numerous firearms--including a small caliber handgun with a clip, a small caliber revolver, and an SKS rifle--were discovered at his residences, where drug transactions occurred. Cf. United States v. Macklin, 104 F.3d 1046, 1048 (8th Cir.) (finding no clear error in assessment of firearm enhancement, given, among other things, ongoing drug trafficking occurring out of residence where firearms were seized, and likely need for defendants to protect both drugs and cash found in residence), cert. denied, 118 S. Ct. 229 (1997).

Swant also argues that the district court erred in imposing a role enhancement, pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(c) (1995). We conclude that the court did not clearly err in determining Swant was a manager of the drug conspiracy

and thus qualified for this role enhancement.  See United States v. Flores, 73 F.3d 826, 835 (8th Cir.) (standard of review), cert. denied, 116 S. Ct. 2568 (1996).

Swant fronted drugs to two other individuals; found and cultivated the conspiracy's California drug source; alone arranged to pick up and transport the drugs from California to Iowa, where others resold them; and also cut the drugs.  See U.S. Sentencing Guidelines Manual § 3B1.1, comment. (n.2) (1995) (adjustment applies if defendant was organizer, leader, manager, or supervisor of one or more participants); cf. United States v. Alexander, 53 F.3d 888, 892-93 (8th Cir. 1995) (finding 2-level role enhancement not clearly erroneous, because defendant "took a degree of responsibility for the distribution business" by delivering drugs to middlemen, cutting drugs for distribution, and transporting drugs interstate without supervision); United States v. Harris, 982 F.2d 317, 318 (8th Cir. 1992) (affirming 2-level role enhancement for being manager of drug conspiracy, because, among other things, defendant was key link between supply of drugs from Florida and its distribution in Iowa, and defendant was able to supply large quantities of drugs during conspiracy).

Contrary to Swant's assertion, to be a manager, a defendant in a drug conspiracy need not control or manage the activities of co-conspirators.  See United States v. Tran, 16 F.3d 897, 902-03 (8th Cir. 1994).  While Swant maintains that he objected to the presentence report and that the government failed to offer any evidence demonstrating the role enhancement was appropriate, we agree with the government that Swant objected to imposition of the enhancement and not to the veracity of the underlying facts.

Bouska also argues that the district court clearly erred in making its drug-quantity calculation by relying on the "suspect" testimony of two cooperating, government witnesses.  We disagree, because the court was entitled to rely on and assess that testimony.  See United States v. Stavig, 80 F.3d 1241, 1245 (8th Cir. 1996) (standard of review); United States v. Campos, 87 F.3d 261, 263-64 (8th Cir.)

(affirming district court's approximation of drug quantity; defendant essentially attacked district court's credibility determinations, which are virtually unreviewable on appeal), cert. denied, 117 S. Ct. 536 (1996); United States v. Dailey, 918 F.2d 747, 748 (8th Cir. 1990) (district court may rely upon evidence presented at trial in making sentencing determinations). We further conclude that the court did not clearly err in denying Bouska an acceptance-of-responsibility reduction. See U.S. Sentencing Guidelines Manual § 3E1.1, comment. (n.2) (1995) (§ 3E1.1 is "not intended to apply to a defendant who puts the government to its burden of proof at trial"); United States v. Trupiano, 11 F.3d 769, 776 (8th Cir. 1993) (standard of review).

Finally, because the district court determined that Bouska was responsible for only the amount of methamphetamine with which he was personally involved and not for the relevant conduct of his co-conspirators Damjanovic and Swant, we believe the court did not clearly err in denying Bouska a mitigating-role reduction. See United States v. Thompson, 60 F.3d 514, 517-18 (8th Cir. 1995) (standard of review); United States v. McCarthy, 97 F.3d 1562, 1574 (8th Cir. 1996) (district court did not err in refusing to grant defendant role reduction; defendant, who was held responsible for only amount of drugs he personally distributed and not for entire amount of drugs distributed in conspiracy, sought "double reduction" to his base offense level by attempting to have entire amount of drugs in conspiracy be used to determine his role in offense), cert. denied, 117 S. Ct. 1011, 1284 (1997).

Accordingly, we affirm Swant's sentence, and Bouska's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-