# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4258

_____

United States of America,          *
                                    *
            Appellee,               *
                                    *
    v.                              *    Appeal from the United States
                                    *    District Court for the
Bernabe Tenorio Catalan, also known *    District of Nebraska
as Victor Pena Tenorio,             *
                                    *          [UNPUBLISHED]
            Appellant.              *

_____

Submitted:   June 18, 1998

Filed:   August 3, 1998

_____

Before McMILLIAN, FLOYD R. GIBSON,[1] and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

_____

[1]The Honorable Floyd R. Gibson was on the original panel in this case.  Judge Gibson has been disabled by illness from reviewing the opinion.  Judge McMillian and Judge Wollman, as the remaining two judges on the panel, have determined the appeal pursuant to 8th Cir. R. 47E, and the opinion is being filed in the interest of avoiding undue delay.

Bernabe Tenorio Catalan (Tenorio) appeals from the final judgment entered in the District Court[2] for the District of Nebraska after he waived indictment and pleaded guilty to a one-count felony information charging him with possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 151 months imprisonment and five years supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). For reversal, counsel argues the district court erred in denying Tenorio's motion for downward departure. For the reasons discussed below, we dismiss the appeal for lack of jurisdiction.

Tenorio sought a downward departure on numerous grounds. After hearing Tenorio's evidence at sentencing in support of the motion, the district court stated that it realized "the Court ha[d] the jurisdiction or authority . . . to depart downward in accordance with the sentencing guidelines," but denied the departure motion, concluding departure was not warranted "under the circumstances." We thus agree with the government that, because the district court was aware of its discretionary authority to depart downward under the Guidelines but refused to do so, the district court's decision denying downward departure is unreviewable. See United States v. Saelee, 123 F.3d 1024, 1025 (8th Cir. 1997) (district court's discretionary decision not to depart under Guidelines is unreviewable on appeal absent unconstitutional motive or unless district court's decision not to depart is based on legally erroneous determination that it lacked authority to consider particular mitigating factor).

Accordingly, we dismiss the appeal for lack of jurisdiction.[3]

---

[2]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

[3]Although Tenorio pleaded guilty to and was sentenced for possessing methamphetamine with intent to distribute, in violation of § 841(a)(1), the written judgment and commitment order indicates he pleaded guilty to conspiring to distribute

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

methamphetamine, in violation of § 841(a)(1). <u>See</u> <u>United States v. Tramp</u>, 30 F.3d 1035, 1037 (8th Cir. 1994) (where oral sentence and written judgment conflict, oral sentence controls). We thus suggest the district court amend its judgment to clarify the discrepancy between the oral and written record. <u>See</u> Fed. R. Crim. P. 36 (clerical mistakes in judgments may be corrected by court at any time).