# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1201

_____

United States of America,      *

     *

        Appellee,      *

     *    Appeal from the United States

    v.      *    District Court for the

     *    Eastern District of Missouri

Michael J. Rickert,      *

     *     [UNPUBLISHED]

        Appellant.      *

_____

Submitted:   March 30, 1999

Filed:   May 17, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Michael J. Rickert appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri after he pleaded guilty to transporting in interstate commerce by computer a visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), and agreed to forfeit certain property used to commit the offense, pursuant to 18 U.S.C. § 2253(a). At sentencing appellant introduced testimony from his therapist and argued

---

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

that a downward departure from the applicable sentencing guidelines range was warranted because (1) his criminal history category overstated the seriousness of his prior alcohol-related driving convictions; (2) there existed mitigating circumstances not taken into consideration by the Guidelines, including his own sexual abuse and his rehabilitative efforts; and (3) he committed the instant offense "while suffering from significantly reduced mental capacity" as defined under U.S. S.G. § 5K2.13, p.s. (1998). The court refused to depart downward and sentenced appellant to 20 months imprisonment and three years supervised release. For reversal appellant argues the district court erred in denying his motions for downward departure and abused its discretion in admitting government Exhibits 2 and 3 at sentencing. For the reasons discussed below, we affirm the judgment of the district court.

Reviewing the district court's comments as a whole, we conclude that the court was aware of its authority to depart on all three grounds argued by appellant and that the court's exercise of discretion not to depart under the circumstances is unreviewable on appeal. See United States v. Saelee, 123 F.3d 1024, 1026 (8th Cir. 1997) (where district court correctly understood its discretionary authority to depart rested upon determination that circumstances of case make it exceptional and atypical, such that it is outside of heartland of cases, its decision not to exercise such authority is unreviewable); United States v. Field, 110 F.3d 587, 591 (8th Cir. 1997) (absent unconstitutional motive, discretionary decision not to depart from Guidelines is unreviewable on appeal); United States v. Knight, 96 F.3d 307, 311 (8th Cir. 1996) (court's decision not to depart downward from Guidelines range because it over-represented seriousness of earlier convictions is not reviewable on appeal where court understood it could depart), cert. denied, 520 U.S. 1180 (1997); United States v. Jackson, 56 F.3d 959, 960 (8th Cir. 1995).

To the extent appellant is arguing that the court incorrectly determined his criminal history category by including a 1989 "Blood Alcohol Content" conviction, the argument is without merit. See U.S.S.G. §§ 4A1.1(c), 4A1.2, comment (n.5) (1998)

(convictions for driving while intoxicated and "similar offenses by whatever name they are known" are counted toward defendant's criminal history); <u>United States v. Herron</u>, 97 F.3d 234, 238 (8th Cir. 1996) (where defendant did not object below, this court reviews only for plain error), <u>cert. denied</u>, 519 U.S. 1133 (1997).

Last, the court did not abuse its discretion in admitting Exhibits 2 and 3, because both were relevant to the determination of appellant's diminished-capacity departure motion. <u>See</u> <u>United States v. Harris</u>, 982 F.2d 317, 318-19 (8th Cir. 1992) (admissibility of evidence at sentencing is committed to sound discretion of district court); <u>cf.</u> U.S. S.G. § 6A1.3, p.s. (1998) ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."). Moreover, contrary to appellant's argument, there is no indication in the record that the court utilized any criteria other than those set forth in the Guidelines in determining his sentence. <u>See</u> U.S.S.G. § 1B1.4 (1998) (in determining sentence to impose within Guidelines range, or whether departure from Guidelines is warranted, court may consider any information concerning background, character, and conduct of defendant unless otherwise prohibited by law).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.