# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1624

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Roberto Ramirez-Bernal, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  May 7, 1999
Filed:   July 7, 1999

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and BEAM, Circuit
   Judges.

_____

PER CURIAM.

Pursuant to a plea agreement Roberto Ramirez-Bernal pleaded guilty to possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and agreed to forfeit property derived from proceeds obtained as a result of that offense and property used to facilitate the commission of the offense, under 21 U.S.C. § 853(a)(1) and (2).  In relevant part, the uncontested presentence report recounted that Ramirez-Bernal was a citizen of Mexico; that the INS had lodged a detainer against him; and that, although he had entered this country illegally, pursuant

to an amnesty program he had been lawfully living and working in the United States prior to his arrest.

At his February 1998 sentencing, Ramirez-Bernal argued that he should receive a downward departure because he had "agreed to voluntary deportation" and that when he had pleaded guilty in October 1997, it was the position of the government to allow a two-level departure "for voluntary deportation." Ramirez-Bernal admitted that the government had not agreed to the reduction in his offense level as part of the plea agreement or otherwise. The government opposed the departure, arguing that under United States v. Saelee, 123 F.3d 1024 (8th Cir. 1997), without a joint agreement of the parties a district court could not depart downward simply because the defendant had agreed to voluntary deportation. The district court denied Ramirez-Bernal's motion, stating, "[I]t has been the agreement of the judges of this District within the last two weeks that we will not grant any further reductions for agreement to deportation unless there's a joint motion by both parties. I think that's consistent with Eighth Circuit law at the present time." Also at sentencing, the court acknowledged that it had granted a departure in a prior case based on voluntary deportation before the development of "our policy." The court then sentenced Ramirez-Bernal at the bottom of the applicable sentencing range to 46 months imprisonment and four years supervised release.

On appeal, Ramirez-Bernal argues that the district court erred in "mechanically denying" his motion for a reduction in his sentence, because the court was required to consider his individual circumstances rather than implement an agreement among the judges of the district. The government responds, inter alia, that the court correctly ruled Ramirez-Bernal was not entitled to a reduction in his offense level, because without the government's agreement the court "should not grant a departure for agreeing to deportation"; and that consent to voluntary deportation is not a factor outside the "heartland" of cases, and is a prohibited factor in sentencing. For the

following reasons we now vacate Ramirez-Bernal's sentence, and remand for further proceedings.

A district court may depart from the applicable Guidelines range if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). Under U.S. Sentencing Guidelines Manual § 5K2.0, p.s. (1998), a district court may depart from the Guidelines when "certain aspects of the case [are] found unusual enough for it to fall outside the heartland of cases." Koon v. United States, 518 U.S. 81, 98 (1996).

As an initial matter, we note that "a discretionary decision not to depart from the Guidelines is unreviewable on appeal absent an unconstitutional motive." United States v. Field, 110 F.3d 587, 591 (8th Cir. 1997). We may, however, "review a district court's decision not to depart . . . where the decision is based on the district court's legally erroneous determination that it lacked authority to consider a particular mitigating factor." Id. (citation and emphasis omitted). We conclude the district court's "policy"--that is, not granting departure motions which are based on consent to voluntary deportation unless the government has stipulated to the motion--evidences a belief on the court's part that it was without authority to grant such a departure, and thus this decision not to depart is reviewable. See United States v. Brown, 903 F.2d 540, 545 (8th Cir. 1990).

The government argues that a defendant's agreement to voluntary deportation cannot be a ground for downward departure because the Guidelines prohibit consideration of a defendant's national origin in sentencing. See U.S. Sentencing Guidelines Manual § 5H1.10, p.s. (1998) (national origin is not relevant in determination of sentence). We must reject this proposition, as we have previously held that a district court may depart from the applicable sentencing range when a

defendant files a waiver and consents "to administrative deportation upon the filing of a joint motion by the parties for a two-level downward departure."  United States v. Cruz-Ochoa, 85 F.3d 325, 325-26 (8th Cir. 1996); see United States v. Hernandez-Reyes, 114 F.3d 800, 802 (8th Cir. 1996) (recognizing district court had authority to depart on basis of defendant's consent to administrative deportation).  If consent to voluntary deportation is a permissible ground for departure when the government has entered into a stipulation with a defendant, it does not transform into an impermissible ground--i.e., one based on the "forbidden" factor of national origin--merely because the government does not join in the filing of the departure motion.  Furthermore, the government's argument that consent to voluntary deportation is not a factor which will remove a particular defendant's case outside the heartland of cases is similarly foreclosed by our decisions in Cruz-Ochoa and Hernandez-Reyes.

The government cites to Saelee in support of the proposition that a district court cannot grant a departure for voluntary deportation under section 5K2.0 without a stipulation from the government.  After carefully reviewing Saelee, we believe that  it did not bar the district court's consideration of Ramirez-Bernal's motion, and that the government's position that a court cannot depart downward without a joint stipulation does not find support in the law of this circuit.  See United States v. Garlich, 951 F.2d 161, 163 (8th Cir. 1991) ("A government motion is not a prerequisite to a departure based on unusual circumstances.").  We note the recent agreement of the Second Circuit on this issue.  Accord United States v. Galvez-Falconi, No. 97-1614, 1999 WL 246831, at *6 (2d Cir. Apr. 12, 1999).  But see United States v. Marin-Castaneda, 134 F.3d 551, 555-56 (3d Cir.), cert. denied, 118 S. Ct. 1855 (1998); United States v. Flores-Uribe, 106 F.3d 1485, 1486-88 (9th Cir. 1997).

Because we believe that Ramirez-Bernal's departure motion is based on a factor unmentioned in the Guidelines and not taken into account for his offense of conviction, remand is in order for the district court to assess the motion on the merits.  See Koon, 518 U.S. at 106, 109 (when examining whether there exists mitigating circumstance "of

a kind or to a degree not adequately considered" by Sentencing Commission, court should consider "'only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission'" (citing 18 U.S.C. § 3553(b)); court's analysis of whether "factor can ever be an appropriate basis for departure is limited to determining whether the Commission has proscribed, as a categorical matter, consideration of the factor").

Accordingly, we affirm the conviction, vacate the sentence, and remand for the district court to determine whether departure is warranted in this case.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.