# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2339

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Luis C. Bueno-Espinoza, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 8, 2001

Filed:  March 9, 2001

_____

Before RICHARD S. ARNOLD,  FAGG, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Luis C. Bueno-Espinoza contends the government violated Brady v. Maryland, 373 U.S. 83 (1963), by failing timely to disclose his codefendant's plea agreement, and 18 U.S.C. § 201(c)(2) by entering into the plea agreement with the same codefendant in exchange for his testimony.  Like the district court, we reject both arguments.  Bueno-Espinoza has not shown how earlier disclosure of the plea agreement would have materially affected the outcome of his case, see United States v. Bagley, 473 U.S. 667, 674, 682 (1985), and the government does not

violate § 201(c)(2) by treating codefendants with leniency in exchange for their testimony, <u>see</u> <u>United State v. Albanese</u>, 195 F.3d 389, 394 (8th Cir. 1999) (Eighth Circuit has "long history" of allowing government to compensate witnesses for their participation in criminal investigations).

Finally, we lack jurisdiction to review the district court's discretionary decision not to grant Bueno-Espinoza a downward departure. <u>See</u> <u>United States v. Saelee</u>, 123 F.3d 1024, 1025 (8th Cir. 1997) (discretionary decision not to depart from Guidelines is unreviewable absent unconstitutional motive or legally erroneous determination that court lacked authority to consider mitigating factor).

We affirm the district court.

A true copy.

     Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.